ERIC ANGEL THOMAS
NAME
T68246 — B3·A4·17 Low
PRISON NUMBER

Folsom STATE PRISON · P.O. BOX 71 5071
CURRENT ADDRESS OR PLACE OF CONFINEMENT

REPRESA, CA. 95671
CITY, STATE, ZIP CODE

| 2254 ✓ | 1983 |
|---|---|
| **FILING FEE PAID** | |
| Yes___ | No ✓ |
| **IFP MOTION FILED** | |
| Yes___ | No ✓ |
| **COPIES SENT TO** | |
| Court ✓ | ProSe___ |

FILED

2007 NOV 29  PM 2: 58

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___Rm___ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

ERIC ANGEL THOMAS ,
(FULL NAME OF PETITIONER)
         **PETITIONER**

v.

M.C. KRAMER ,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

         **RESPONDENT**

and

BILL LOCKYER ,
The Attorney General of the State of
California, Additional Respondent.

Civil No. ___'07CV 2257 IEG BLM___
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

## PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _San Diego County · Superior Court, Central Division · 220 W. Broadway San Diego, CA· 92101- 3877_

2. Date of judgment of conviction: _August 7, 2006_

3. Trial court case number of the judgment of conviction being challenged: _SCD197488_

4. Length of sentence: _9 YEARS_

CIV 68 (Rev. 11/98)

K:\COMMON\FORMS\CIV-68.

5. Sentence start date and projected release date: _August 15, 2006 with Expected Release Date of April 19, 2013_

6. Offense(s) for which you were convicted or pleaded guilty (all counts): _I was convicted of Possession F/Sale of Cok/base in violation of Health and Safety Codes 11351.5 and 11352._

7. What was your plea? (CHECK ONE)
    (a) Not guilty      ☑
    (b) Guilty          ☐
    (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
    (a) Jury       ☑
    (b) Judge only ☐

9. Did you testify at the trial?
    ☐ Yes  ☑ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the <u>California Court of Appeal</u>?
    ☑ Yes  ☐ No

11. If you appealed in the <u>California Court of Appeal</u>, answer the following:
    (a) Result: _Judgement Affirmed_
    (b) Date of result, case number and citation, if known: _Case No. D049171 · Superior Ct. No. SCD197488    April 17, 2007_
    (c) Grounds raised on direct appeal: _Imposition of a Sentence under the Three Strike's Law was not the proper Sentence Choice. And The Evidence was not Sufficient to Sustain Conviction on Count 2 · Possession For Sale of cocaine base._

12. If you sought further direct review of the decision on appeal by the <u>California Supreme Court</u> (e.g., a Petition for Review), please answer the following:
    (a) Result: _____
    (b) Date of result, case number and citation, if known: _____

    (c) Grounds raised: _____
    _____
    _____
    _____

13. If you filed a petition for certiorari in the <u>United States Supreme Court</u>, please answer the following with respect to that petition:

    (a) Result: _____

    (b) Date of result, case number and citation, if known: _____

    (c) Grounds raised: _____

          _____

          _____

          _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Superior Court</u>?
    ☐ Yes ☑ No

15. If your answer to #15 was "Yes," give the following information:

    (a) <u>California Superior Court</u> Case Number: _____

    (b) Nature of proceeding: _____

          _____

    (c) Grounds raised: _____

          _____

          _____

          _____

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☐ No

    (e) Result: _____

    (f) Date of result: _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Court of Appeal</u>?
    ☐ Yes ☑ No

17. If your answer to #17 was "Yes," give the following information:

    (a) <u>California Court of Appeal</u> Case Number: _____

    (b) Nature of proceeding: _____

          _____

    (c) Grounds raised: _____

(d)  Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☐ No

(e)  Result: _____

(f)  Date of result: _____

18.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the <u>California Supreme Court</u>?
☑ Yes ☐ No

19.  If your answer to #19 was "Yes," give the following information:

(a)  <u>California Supreme Court</u> Case Number: _S153425_

(b)  Nature of proceeding: _WRIT OF HABEAS CORPUS_

(c)  Grounds raised: _VIOLATION OF DUE PROCESS AND INEFFECTIVE ASSISTANCE OF COUNSEL_

(d)  Did you receive an evidentiary hearing on your petition, application or motion?
☑ Yes ☐ No

(e)  Result: _PETITION DENIED_

(f)  Date of result: _FILED OCTOBER 31, 2007_

20.  If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the <u>California Supreme Court</u>, containing the grounds raised in this federal Petition, explain briefly why you did not:

_____

_____

_____

S153425

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

In re ERIC THOMAS on Habeas Corpus

The petition for writ of habeas corpus is denied.  (See *In re Swain* (1949) 34 Cal.2d 300, 304; *People v. Duvall* (1995) 9 Cal.4th 464, 474.)

SUPREME COURT
FILED

OCT 3 1 2007

Frederick K. Ohlrich Clerk

_____
Deputy

**GEORGE**
_____
Chief Justice

## COLLATERAL REVIEW IN FEDERAL COURT

**21.** Is this your **first** federal petition for writ of habeas corpus challenging this conviction?

☑ Yes ☐ No  (IF "YES" SKIP TO #11)

(a) If no, in what federal court was the prior action filed? _____

(i) What was the prior case number? _____

(ii) Was the prior action (CHECK ONE):
   ☐ Denied on the merits?
   ☐ Dismissed for procedural reasons?

(iii) Date of decision: _____

(b) Were any of the issues in this current petition also raised in the prior federal petition?
   ☐ Yes ☐ No

(c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
   ☐ Yes ☐ No

CAUTION:

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- Single Petition: If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- Factual Specificity: You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: _Violation of Full Due Process of Law._

Supporting **FACTS** (state *briefly* without citing cases or law) _The County of San Diego Completely Denied me U.S.C. 6th Amendment Right to Counsel which include the Right to Counsel of Choice. The County of San Diego Desperately moved for a State Conviction by forcing a Court Appointed Attorney upon me, to whom I did not give written consent to Representation. The Rules of Professional Conduct of the California State Bar Mandate's its member's to obtain a client's informed written consent. This procedure is adhered to by bar member's in order. That a client's constitutional Rights are not infringed upon. My logic for not choosing to give the Court-Appointed Attorney my written consent to representation is because he was selected by the same Agency Responsible for my prosecution. Because he was selected, also mean that he was hired by the same Agency Responsible for my prosecution. This is Automatic Adverse Representation because it blatantly denied me U.S.C. 5th, 6th, and 14th Amendment Rights. Not only will giving a Court Appointed Attorney my informed written consent, dissolve my U.S.C. 6th Amendment Right to Counsel of Choice. but it deprive's indigent and often uninformed criminal defendants of equal protection of the laws guaranteed by the 14th Amendment of the United States Constitution. Regardless of my Financial Status, The Superior Courts of San Diego County should not have ignored my continued protest to this_

Did you raise <u>GROUND ONE</u> in the California Supreme Court?
☒ Yes ☐ No.

1    ILLEGAL REPRESENTATION. ON APRIL 3 2006 , SAN DIEGO COUNTY SUPERIOR
2    COURT JUDGE GEORGE. W. CLARKE DENIED MY MOTION TO HAVE THE COURT
3    APPOINTED ATTORNEY MR. GARY EDWARDS REMOVED FROM THE CASE. JUDGE
4    CLARKE ALSO REFUSED TO GRANT ME REASONABLE TIME TO SEEK OUT AND
5    CONTACT AN ATTORNEY OF MY CHOICE, BY STATING IN THE MARSDEN HEARING
6    TRANSCRIPT'S HOW HE WAS "INCLINED" TO CONFIRM AND UPHOLD THE
7    PRELIMINARY HEARING THAT WAS SCHEDULED TWO DAYS AFTER APRIL 3,
8    2006 WHICH WAS THE DATE OF APRIL 5, 2006. WITH THE COURT
9    APPOINTED MR. EDWARDS SPEAKING ON MY BEHALF IN COURT WAS ILLEGAL
10   BECAUSE I NEVER GAVE MR. EDWARDS MY WRITTEN CONSENT TO HAVE
11   HIS REPRESENTATION. ON APRIL 5, 2006 SAN DIEGO COUNTY SUPERIOR COURT
12   JUDGE BERNARD REVAK REFUSED TO ACKNOWLEDGE MY PLEA TO HAVE
13   MR. EDWARDS REMOVED FROM THE CASE. WHEN I DID QUESTION HIM ON
14   RECORD WHETHER OR NOT HE UNDERSTOOD THAT HE WAS IN FACT, VIOLATING
15   MY U.S.C 6TH AMENDMENT RIGHTS , HE DID REPLY "I UNDERSTAND"
16   I CLARIFIED THAT IT'S MY CONSTITUTIONAL RIGHT'S (WHICH ARE PROTECTED)
17   THAT WERE BEING VIOLATED AND JUDGE REVAK REPLIED "I UNDERSTAND
18   THAT". WHETHER ANY REVIEWER CHOOSE TO LABEL THIS BEHAVIOR A
19   JUDICIAL MISCONDUCT OR GRAVE PROCEDURAL ERROR THERE IS NO DENY-
20   ING THE FACT THAT THIS IS AN OBVIOUS VIOLATION AND INTENTIONAL
21   DISREGARD FOR MY CONSTITUTIONAL RIGHTS . ON JUNE 8, 2006 SAN DIEGO
22   COUNTY SUPERIOR COURT JUDGE LEO VALENTINE JR. FURTHER DENIED ME
23   RIGHT TO COUNSEL OF CHOICE BY ALSO FAILING TO ACKNOWLEDGE AN APP-
24   ARENT LACK OF COMMUNICATION BETWEEN ME AND MR. EDWARDS, AS
25   WELL AS MY CONTINUED PROTEST TO BEING ILLEGALLY REPRESENTED BY
26   THIS COURT APPOINTED ATTORNEY . AT HEARING FROM THE ATTORNEY HIMSELF
27   ABOUT OUR "UNPRODUCTIVE" SITUATION THE COURT'S IS REQUIRED TO REMOVE
28   THE ATTORNEY FROM THE CASE. INSTEAD, DESPITE MY OBJECTIONS, THE COURT'S

1  would not grant me the right to contact an attorney of my choice,
2  Through the court process that allows Indigent Defendants to still
3  Enjoy full Constitutional protection Regardless of Social or Financial
4  Status. I did request to be referred to the Indigent Panel of San
5  Diego County and was also Denied this Request by Judge Valentine.
6  From this point of proceeding's I was further forced by the courts
7  of San Diego to be Represented by a Lawyer who was hired by
8  The same public Agency Responsible for my Prosecution. No way was
9  I going to give up my rights to this Agent selected by the Agency
10  Thats Trying to send me to prison. The Final Injury was committed
11  when Judge Valentine on Record (Page 92 Lines 1 - 28 and page
12  93 Lines 1-9) proceeded to make an irrational decision to
13  Exclude me from participating in a trial proceeding. Since when
14  do a defendant's Silence on the Record Constitute an Answer? The
15  Judge went far beyond his scope of Authority in Deciding to Answer
16  For me. This is clearly unconstitutional. A Judge's Function is to
17  strictly Render Discretion based upon Federal and State Laws, Not
18  To Speak for Criminal Defendants. Because the Superior Courts of
19  San Diego County Refused to Regard my Constitutional rights After
20  my timely Objections over The course of Superior court proceedings
21  Did deny me Full Due process of Law. The illegal Representation by
22  The court Appointed Attorney Denied me U.S.C 6TH and 14TH Amendment
23  Rights. And in the most simple way I was peddled through court
24  proceeding's by force without Solidified Representation. By the Court's
25  choosing to ignore my Objections to being illegally Represented. This
26  "Turning the other way" And the Audacity to exclude me from having
27  A Trial is like me not having no Rights at All. I was Denied the
28  Right to Counsel and Counsel of Choice and I was Denied a Trial -

1          SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

2                          CENTRAL DIVISION

3      DEPARTMENT 29      BEFORE HON. GEORGE W. CLARKE, JUDGE

4

5      _____
                                        )
6      PEOPLE OF THE STATE OF           )    **MARDEN HEARING**
       CALIFORNIA,                      )
7                                       )    SCD197488
                           PLAINTIFF,   )
8                                       )
       VS.                              )
9                                       )
       ERIC ANGEL THOMAS,               )
10                                      )
                           DEFENDANT.   )
11     _____ )

12

13                       REPORTER'S TRANSCRIPT

14                          APRIL 3, 2006

15     **APPEARANCES:**

16     FOR THE PEOPLE:          BONNIE M. DUMANIS
                                DISTRICT ATTORNEY
17                              BY:  KRIS ANTON
                                DEPUTY DISTRICT ATTORNEY
18                              330 WEST BROADWAY
                                SAN DIEGO, CALIFORNIA 92101
19
       FOR THE DEFENDANT:        GARY EDWARDS
20                               PRIVATE CONFLICTS COUNSEL

21

22

23

24

25

26     REPORTED BY:             SANDRA QUINN SMITH
                                CSR NO. 11714, RPR
27                              OFFICIAL COURT REPORTER
                                SAN DIEGO SUPERIOR COURT
28

1    SAN DIEGO, CALIFORNIA; APRIL 3, 2006; A.M. CALENDAR

2

3        THE BAILIFF:  ITEM 11.

4        MR. EDWARDS:  GARY EDWARDS AT PCC'S REQUEST TO

5    BE HERE FOR MR. THOMAS.

6        THE COURT:  I WILL HAVE THE RECORD REFLECT YOU

7    ARE PRESENT ALONG WITH YOUR ATTORNEY, MR. EDWARDS, AND

8    COURT STAFF, THE PUBLIC AND THE PROSECUTOR HAVE BEEN

9    EXCLUDED FROM THE COURTROOM.  I THINK WE LEFT OFF WITH

10    YOU WANTED A DIFFERENT ATTORNEY APPOINTED; IS THAT

11    CORRECT?

12        THE DEFENDANT:  YES, SIR.

13        THE COURT:  YOU NEED TO TELL ME SPECIFIC REASONS

14    WHY.

15        THE DEFENDANT:  SPECIFIC REASON, SIR, IS BECAUSE

16    ANY COURT-APPOINTED ATTORNEY WILL BE AN AUTOMATIC

17    CONFLICT OF INTEREST BECAUSE OF OBLIGATION TO THE

18    COURT COME BEFORE REPRESENTING ME FULLY AS A CLIENT IN

19    MY CONSTITUTIONAL RIGHTS.  THIS IS A RIGHT I HAVE

20    UNDER THE 6TH AMENDMENT UNDIVIDED LOCALITY OF THE

21    COUNSEL IS ESSENTIAL IN THE DUE PROCESS OF THE 6TH

22    AMENDMENT.

23        THE COURT:  ANYTHING SPECIFIC ABOUT THE

24    REPRESENTATION BETWEEN YOU AND MR. EDWARDS AS OPPOSED

25    TO -- IS THERE ANYTHING SPECIFIC ABOUT THE

26    REPRESENTATION BETWEEN YOU AND MR. EDWARDS THAT

27    REQUIRES YOU OR LEADS YOU TO BELIEVE YOU NEED A

28    DIFFERENT ATTORNEY?

1    THE DEFENDANT:  NO, SIR.  IT'S NOTHING PERSONAL.

2    IT'S JUST THE POSITION THAT HE'S IN.  HE IS APPOINTED

3    BY THE COURTS.

4    THE COURT:  WELL, THAT'S HOW ATTORNEYS ARE

5    APPOINTED.  THERE IS NO OTHER WAY.  AN ATTORNEY IS

6    APPOINTED.  THE OTHER OPTION IS TO HIRE AN ATTORNEY.

7    THE DEFENDANT:  YES, SIR.  I AM AWARE OF THAT.

8    THE COURT:  WHAT'S YOUR DESIRE?

9    THE DEFENDANT:  I WANT TO HIRE AN ATTORNEY.

10    THE COURT:  WHAT STEPS HAVE YOU TAKEN TO HIRE

11    THAT ATTORNEY?

12    THE DEFENDANT:  RIGHT NOW I HAVE SOME PEOPLE ON

13    THE OUTSIDE THAT'S LOOKING INTO THAT FOR ME RIGHT NOW.

14    THE COURT:  IS THERE ANYTHING ELSE YOU WOULD

15    LIKE TO TELL THE COURT?

16    THE DEFENDANT:  NOT AT THIS TIME.

17    THE COURT:  WHAT I WILL DO IS ORDER THE

18    TRANSCRIPT OR ORDER OF THESE PROCEEDINGS SEALED UNTIL

19    FURTHER COURT ORDER.  IF WE CAN INVITE THE PROSECUTOR

20    AND PUBLIC BACK IN.

21    THE BAILIFF:  11(A) AND (B) POOL AND THOMAS.

22    THE COURT:  I WILL LET THE RECORD REFLECT THE

23    COURT DID HAVE AN IN-CAMERA HEARING WITH MR. EDWARDS

24    AND MR. THOMAS.

25    AS FAR AS DATES, WHAT'S YOUR REQUEST MR. MOHEN,

26    IF ANY?

27    MR. MOHEN:  YOUR HONOR, I DON'T HAVE A REQUEST.

28    IT'S A PACKAGE DATE.  THE 5TH DOES WORK OUT FOR

1    PRELIMINARY HEARING FOR US.

2         THE COURT:  WHAT I'M INCLINED TO DO IS SIMPLY

3    CONFIRM THE PRELIMINARY HEARING, AND IF MR. THOMAS

4    MAKES ARRANGEMENTS FOR A NEW ATTORNEY, THEN YOU CAN

5    OBVIOUSLY RETAIN THAT ATTORNEY, BUT THE PRELIMINARY

6    HEARING IS SET FOR DAY AFTER TOMORROW, MR. THOMAS, SO

7    I WOULD SUGGEST YOU MOVE QUICKLY.  8:15.

8         MR. EDWARDS:  YOUR HONOR, I WAS TOLD 1:15.

9         THE COURT:  YES.  BOTH AT 1:15.  THANK YOU.

10        MR. EDWARDS:  THANK YOU, YOUR HONOR.

11        (WHEREUPON THE PROCEEDINGS WERE CONCLUDED.)

12        (BLOCK NUMBERING; NOT PAGES OMITTED.)

13

14

15

16    * HERE Judge GEORGE W. CLARKE DID NOT GRANT REASONABLE TIME

17    PERIOD TO CONTACT A CONFLICT FREE COUNSEL. LINES 2-7

18

19

20

21

22

23

24

25

26

27

28

1    STATE OF CALIFORNIA )
                         )
2    COUNTY OF SAN DIEGO )

3

4

5              THE PEOPLE OF THE STATE OF CALIFORNIA

6                              VS.

7                       ERIC ANGEL THOMAS

8                     CASE NO. SCD197488

9

10          I, SANDRA QUINN SMITH, CSR NO. 11714, AN

11   OFFICIAL REPORTER IN THE SUPERIOR COURT OF THE STATE

12   OF CALIFORNIA, IN AND FOR THE COUNTY OF SAN DIEGO,

13   HEREBY CERTIFY THAT I MADE A SHORTHAND RECORD OF THE

14   PROCEEDINGS HAD IN THE WITHIN CASE AND THAT THE

15   FOREGOING TRANSCRIPT CONSISTING OF PAGES NUMBERED FROM

16   1 TO 3/50, INCLUSIVE, IS A FULL, TRUE, AND CORRECT

17   TRANSCRIPTION OF THE PROCEEDINGS IN THIS CASE.

18          DATED THIS 27TH DAY OF SEPTEMBER, 2006.

19

20

21

22   _____
     SANDRA QUINN SMITH, CSR, RPR
23   OFFICIAL COURT REPORTER

24

25

26

27

28

**ORIGINAL**

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

CENTRAL DIVSION

DEPARTMENT 47          HON. BERNARD E. REVAK, JUDGE

```
                          )
PEOPLE OF THE STATE OF    )           APR 1 9
CALIFORNIA,               )
                          )
             PLAINTIFF,   )   CASE NO. CD197488
                          )   DA NO. ABS590
       -VS-               )   PRELIMINARY HEARING
                          )
ERIC ANGEL THOMAS,        )
                          )
             DEFENDANT.   )
                          )
```

REPORTER'S TRANSCRIPT

APRIL 5, 2006
SAN DIEGO, CALIFORNIA

APPEARANCES:

    FOR THE PLAINTIFF:    BONNIE DUMANIS
                              DISTRICT ATTORNEY
                              BY:  KRISTIE NIKOLETICH
                              CERTIFIED LEGAL INTERN
                              JOHN PRO, SUPERVISING
                              DEPUTY DISTRICT ATTORNEY
                              330 W. BROADWAY
                              SAN DIEGO, CALIFORNIA  92101

    FOR THE DEFENDANT:    BY:  GARY EDWARDS
                              ATTORNEY AT LAW
                              P.O. BOX 99784
                              SAN DIEGO, CALIFORNIA  92169

KIMBERLY A. MORALES, CSR 7686
OFFICIAL COURT REPORTER
SAN DIEGO, CALIFORNIA  92101

PAGES 2, 3, 4

1    SAN DIEGO, CALIFORNIA - WEDNESDAY, 4-5-06, 9:05 A.M.

2                      ----00----

3    THE COURT:  CASE NO. CD197488, PEOPLE VERSUS POOLE AND

4    THOMAS.

5    MR. EDWARDS:  GARY EDWARDS ON BEHALF OF ERIC THOMAS,

6    WHO IS PRESENT IN COURT IN CUSTODY.

7    MS. KNOCKEART:  GOOD MORNING.  MARY KNOCKEART ON BEHALF

8    OF MS. POOLE.  SHE'S PRESENT IN CUSTODY AS WELL.

9    MS. NIKOLETICH:  GOOD MORNING.  KRISTIE NIKOLETICH,

10   CERTIFIED LEGAL INTERN, BEING SUPERVISED BY JOHN PRO, ON

11   BEHALF OF THE PEOPLE.

12   MR. EDWARDS:  YOUR HONOR, MR. THOMAS WANTS TO ADDRESS

13   THE COURT.  HE DOES NOT WANT THE COURT-APPOINTED ATTORNEY.

14   I WAS APPOINTED BY P.C.C.  AND HE WANTS TO REQUEST ANOTHER

15   ATTORNEY.  SO WE'VE ALREADY HAD A MARSDEN DOWN IN 11 ON

16   MONDAY.

17   THE COURT:  YOU MEAN HE WANTS TO RETAIN COUNSEL?

18   DEFENDANT THOMAS:  WELL --

19   MR. EDWARDS:  WELL, HE DOES, BUT HE'S BEEN UNABLE TO DO

20   THAT.

21   DEFENDANT THOMAS:  EXCUSE ME, YOUR HONOR.  I WOULD LIKE

22   TO FILE A MOTION FOR A TIME EXTENSION --

23   THE COURT:  WAIT A MINUTE.

24   DEFENDANT THOMAS:  -- TO GIVE ME TIME.

25   THE COURT:  DOES HE HAVE A DOCUMENT FOR ME TO READ?

26   DEFENDANT THOMAS:  YES, SIR.

27   THE COURT:  GIVE IT TO YOUR LAWYER.

28   MS. KNOCKEART:  I'M SORRY, YOUR HONOR?

1        THE COURT:  NO.  I WAS TALKING TO THE OTHER GENTLEMAN.

2        MS. KNOCKEART:  WE'RE READY TO PROCEED, YOUR HONOR.

3        THE COURT:  OKAY.  HAVE YOU SEEN THIS DOCUMENT,

4    MR. EDWARDS?

5        MR. EDWARDS:  NO, I HAVE NOT, YOUR HONOR.

6        THE COURT:  WELL, YOUR CLIENT WOULD LIKE TWO WEEKS.

7    AND I'M NOT SURE IF HE'S TRYING TO HIRE AN ATTORNEY OR HE

8    WANTS YOU REPLACED.

9        ARE YOU, MR. THOMAS, WANTING TO HIRE A LAWYER?

10       DEFENDANT THOMAS:  ACTUALLY, YES, I WAS -- I HAVE TO --

11   I NEED TIME TO VERIFY WITH MY PEOPLE ON THE OUTSIDE TO SEE

12   HOW THAT'S GOING.  IF THEY'RE NOT ABLE TO DO THAT, THEN I

13   HAVE TO GO ABOUT OTHER MEASURES.  BUT EITHER WAY IT GOES, I

14   WOULD NOT WANT HIM TO REPRESENT ME.

15       THE COURT:  WAIT A MINUTE.  I DON'T WANT TO DEAL WITH

16   ANY CONFLICT YOU MAY HAVE WITH MR. EDWARDS.  I'M TRYING TO

17   FIND OUT IF YOU WANT TO CONTINUE IN ORDER TO RETAIN YOUR OWN

18   ATTORNEY.  IS THAT WHAT YOU'RE TRYING TO DO?

19       DEFENDANT THOMAS:  YES, SIR.

20       THE COURT:  HAVE YOU MADE ANY EFFORTS ALONG THOSE

21   LINES?

22       DEFENDANT THOMAS:  YES, SIR.

23       THE COURT:  WHAT HAVE YOU DONE?

24       DEFENDANT THOMAS:  I'VE WENT TO THE LAW LIBRARY, AND I

25   GOT PEOPLE ON THE OUTSIDE THAT'S LOOKING FOR A PRIVATE

26   PRACTICE ATTORNEY RIGHT NOW FOR ME.  I'M JUST WAITING WORD

27   RIGHT NOW, BASICALLY.  I DON'T WANT TO MOVE AHEAD TOO FAST.

28       THE COURT:  I'M SORRY?

1    DEFENDANT THOMAS:  I DON'T WANT TO MOVE TOO FAST, YOU

2   KNOW, MOVE AHEAD OF MYSELF.

3    THE COURT:  WELL, THIS CASE IS A MONTH OLD BASED ON THE

4   CHARGING DOCUMENTS.  WHAT HAVE YOU BEEN DOING FOR THE LAST

5   MONTH INSOFAR AS GETTING A PRIVATE ATTORNEY?

6    DEFENDANT THOMAS:  WELL, I -- I WAS ASKING THE JUDGE.

7    THE COURT:  PARDON?

8    DEFENDANT THOMAS:  I WAS ASKING JUDGE TO OFFER THAT

9   ASSISTANCE CONTACTING PEOPLE FROM THE OUTSIDE.

10    THE COURT:  WELL, I KNOW.  BUT WHAT EFFORTS HAVE BEEN

11   MADE TO GET A PRIVATE ATTORNEY TO REPRESENT YOU, IN OTHER

12   WORDS, HIRE AN ATTORNEY?

13    DEFENDANT THOMAS:  NOTHING, JUST GETTING RID OF MY

14   PUBLIC DEFENDERS.

15    THE COURT:  WELL, HE'S NOT A PUBLIC DEFENDER.

16    MR. EDWARDS:  WELL, YOUR HONOR, HE HAD A PUBLIC

17   DEFENDER UP UNTIL MONDAY, THEN I CAME IN ON MONDAY.  BUT HE

18   TOLD ME HE DIDN'T WANT ANY APPOINTED ATTORNEY, SO --

19    THE COURT:  I'M GOING TO GO FORWARD WITH IT.  I DON'T

20   THINK THAT THERE'S A SHOWING.  AND I DON'T DEEM THIS TO BE A

21   MARSDEN MOTION.  HE'S ALREADY HAD A MARSDEN HEARING.  AND AS

22   I UNDERSTAND IT, THAT WAS FAIRLY RECENTLY.

23    MR. EDWARDS:  IT WAS ON MONDAY, YOUR HONOR.

24    THE COURT:  YES.  ON THE 3RD OF APRIL.  SO I'M GOING TO

25   GO AHEAD AND PROCEED.  YOU'RE HIS ATTORNEY THAT'S BEEN

26   APPOINTED BY PRIVATE CONFLICTS?

27    MR. EDWARDS:  YES, YOUR HONOR.

28    THE COURT:  OKAY.

1    DEFENDANT THOMAS:  SO BASICALLY, YOUR HONOR, YOU'RE

2  SAYING THAT YOU'RE GOING TO FORCE THIS COURT-APPOINTED

3  ATTORNEY ON ME, IN VIOLATION OF MY SIXTH AMENDMENT RIGHT TO

4  HAVE AN EFFECTIVE ASSISTANCE OF COUNSEL?

5    THE COURT:  WELL, IF THAT'S HOW YOU DEEM IT, YES.  I'M

6  GOING TO PROCEED WITH THE PRELIMINARY HEARING WITH

7  MR. EDWARDS AS YOUR ATTORNEY.

8    DEFENDANT THOMAS:  THAT'S A VIOLATION OF MY RIGHTS,

9  SIR.

10    THE COURT:  I UNDERSTAND.

11    DEFENDANT THOMAS:  CONSTITUTIONAL RIGHTS.

12    THE COURT:  I UNDERSTAND THAT.

13    DEFENDANT THOMAS:  YOU UNDERSTAND THAT?

14    THE COURT:  I UNDERSTAND THAT.

15    DEFENDANT THOMAS:  HUH?

16    THE COURT:  I UNDERSTAND IT.

17    DEFENDANT THOMAS:  WELL, CAN I BE REMOVED TO ANOTHER

18  COURTROOM AND TRIED BY ANOTHER JUDGE AT THIS POINT?

19    THE COURT:  NO, SIR.

20    DEFENDANT THOMAS:  SO YOU'RE DENYING ME?

21    THE COURT:  YES.

22    DEFENDANT THOMAS:  OKAY.  I WILL NOT BE REPRESENTED BY

23  THIS P.C.C., YOU CAN BET THAT.

24    OVERRIDING FEDERAL CONSTITUTIONAL LAW,

25  INTERNATIONAL LAW, LAW OF THE LAND.  WOW.  DIDN'T KNOW YOU

26  HAD THAT MUCH POWER, YOUR HONOR.  CREATOR WILL GET YOU FOR

27  THAT, YOU CAN BET.  YOU'RE NOT GOING TO WIN.

28    THE COURT:  SWEAR MS. POOLE.

1       IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2          IN AND FOR THE COUNTY OF SAN DIEGO

3

4  DEPARTMENT 49        HON. LEO VALENTINE, JR., JUDGE

5

6  PEOPLE OF THE STATE OF CALIFORNIA )
                                 )

7        PLAINTIFF,        )
                                 )

8    VS.                ) CASE NO. SCD197488
                                 )

9  EARL ANGEL THOMAS,         )
                                 )

10        DEFENDANT.        )
                                 )

11

12            REPORTER'S TRANSCRIPT

13              JUNE 8, 2006

14

15  APPEARANCES:

16  FOR THE PLAINTIFF:      BONNIE M. DUMANIS
                        DISTRICT ATTORNEY

17                     BY:  DEANA BOHENEK,
                        DEPUTY DISTRICT ATTORNEY

18                     330 WEST BROADWAY
                        SAN DIEGO, CA  92101

19

20

    FOR THE DEFENDANT:      BY:  GARY L. EDWARDS, P.C.C.

21                     6445 AVEMODA CRESTA
                     LA JOLLA, CA  92037

22

23

24

25

26

27               MARCIA K. SHIMEK,
     CSR #8672, REGISTERED PROFESSIONAL REPORTER

28              SAN DIEGO, CALIFORNIA

1          <u>(SAN DIEGO, CALIFORNIA, JUNE 8, 2006)</u>

2                          -oOo-

3

4          (WHEREUPON, THE FOREGOING PROCEEDING WAS

5     HELD:)

6

7          THE COURT:  THIS IS THE MATTER OF THE STATE

8     OF CALIFORNIA VERSUS ERIC ANGEL THOMAS.  THE CASE

9     NUMBER IS SCD197488.

10         MR. EDWARDS:  GOOD MORNING, YOUR HONOR.

11         GARY EDWARDS, ON BEHALF OF THE DEFENDANT,

12    ERIC ANGEL THOMAS, WHO IS PRESENT IN COURT AND IS IN

13    CUSTODY.

14         MS. BOHENEK:  GOOD MORNING, YOUR HONOR.

15         DEANA BOHENEK, ON BEHALF OF THE PEOPLE, IN

16    THIS CASE.

17         THE COURT:  GOOD MORNING.

18         GOOD MORNING, MR. THOMAS.

19         THE DEFENDANT:  GOOD MORNING.

20         THE COURT:  HOW ARE YOU DOING?

21         THE DEFENDANT:  I'M DOING FINE.

22         THE COURT:  OKAY.  THIS MATTER WAS SENT HERE

23    FOR A JURY TRIAL AND I HAVE HAD AN OPPORTUNITY TO

24    BRIEFLY DISCUSS THE MOTIONS THAT HAVE BEEN FILED --

25    THE PRETRIAL MOTIONS BY THE PEOPLE, AND I WANT TO GO

26    THROUGH SOME OF THOSE.

27         AS I LOOKED AT THE CHARGES I NOTE THAT THE

28    CASE SEEMS TO SUGGEST THAT THERE MAY HAVE BEEN A

1    SETTLEMENT CONFERENCE WITH ONE OF THE SETTLEMENT

2    JUDGES.  IT LOOKS LIKE THERE WAS AN OFFER TO MR. THOMAS

3    OF A STIPULATED TERM OF SIX YEARS, WHICH WAS THE LOW

4    TERM FOR ONE OF THE OFFENSES FOR WHICH HE HAD BEEN

5    CHARGED.

6              MR. EDWARDS, HAVE YOU HAD A CHANCE TO DISCUSS

7    THAT WITH MR. THOMAS?

8              MR. EDWARDS:  YOUR HONOR, I MADE HIM AWARE OF

9    IT.  HE WAS NOT WILLING TO DISCUSS IT WITH ME.  WE HAD

10   TWO READINESS CONFERENCES AND BOTH TIMES THE RESULT WAS

11   THE SAME.

12             THE COURT:  BUT DID YOU, IN FACT, CONVEY THE

13   PEOPLE'S OFFER TO MR. THOMAS?

14             MR. EDWARDS:  YES.

15             THE COURT:  MR. THOMAS, IS THERE ANYTHING

16   THAT THE COURT CAN DO TO ASSIST, TO HELP TO RESOLVE

17   YOUR CASE SHORT OF A JURY TRIAL?

18             THE DEFENDANT:  JUDGE, FIRST, I HAVE A

19   QUESTION.

20             THE COURT:  YES.

21             THE DEFENDANT:  DID YOU RECEIVE ANY MOTIONS

22   THAT I MAY HAVE FILED?

23             THE COURT:  I HAVEN'T RECEIVED ANY MOTIONS.

24   DID YOU WRITE A MOTION FOR THE COURT?

25             THE DEFENDANT:  YES, I DID.

26             THE COURT:  WHEN DID YOU SEND IT IN?

27             THE DEFENDANT:  I SENT IT TO THE JUDGE IN

28   DEPARTMENT 11.

1     THE COURT:  JUDGE FRASER IS CURRENTLY IN

2  DEPARTMENT 11.  JUDGE WELLINGTON LEFT THERE IN JANUARY

3  OF THIS YEAR.

4     WHEN DID YOU SEND IT?

5     THE DEFENDANT:  IT WAS ACTUALLY AFTER THE

6  23RD.

7     THE COURT:  OF THIS MONTH?

8     THE DEFENDANT:  LAST MONTH.

9     THE COURT:  THIS MATTER WAS ON CALENDAR ON

10  THE 6TH.  ALSO, ON TUESDAY.

11     MS. BOHENEK:  YES, YOUR HONOR.  WE TRAILED IT

12  FOR TWO DAYS.  I WAS JUST COMPLETING A JURY TRIAL.

13     THE COURT:  SO ON THE 23RD THAT IS WHEN THERE

14  WAS A READINESS CONFERENCE WITH JUDGE DANIELSON; IS

15  THAT CORRECT?

16     MS. BOHENEK:  I HAVE THE 22ND.

17     THE COURT:  THE COURT'S DOCKET SHOWS THE

18  23RD.

19     MS. BOHENEK:  THE DEPUTY WROTE THE NOTE NEXT

20  TO THAT.  HE MUST HAVE HAD THE WRONG DATE.  IT DOES SAY

21  23RD ON MY PAPERWORK.

22     THE COURT:  MR. THOMAS, YOU SENT IT THROUGH

23  THE JAIL'S MAIL SYSTEM?

24     THE DEFENDANT:  YES.

25     THE COURT:  OKAY.  MADAM CLERK, WOULD YOU

26  CALL OVER TO DEPARTMENT 11 AND SEE IF THEY HAVE

27  RECEIVED A MOTION THAT MR. THOMAS DIRECTED TO THE

28  COURT.  IF THEY DON'T HAVE IT, YOU CAN DISCUSS IT

*LINES 9-10; MADE A HANDWRITTEN REQUEST TO BE REFERRED TO THE INDIGENT PANEL And The Judge Totally Evaded my Request*

1    OPENLY HERE IN COURT, MR. THOMAS.

2              DO YOU WANT TO PROCEED IN THAT MANNER?

3              THE DEFENDANT:  YES, SIR.

4              THE COURT:  GIVE ME THE NATURE OF THE MOTION.

5              THE DEFENDANT:  THE MOTION WAS FOR DISMISSAL

6    OF MY P.C.C.

7              THE COURT:  DO YOU WANT TO TALK TO ME ABOUT

8    YOUR ATTORNEY?

9              THE DEFENDANT:  YES.  I ACTUALLY WANT TO BE

10   REFERRED TO THE INDIGENT PANEL.

11             THE COURT:  IF YOU WANT TO TALK TO ME ABOUT

12   YOUR ATTORNEY, WHAT I NEED TO DO IS TO EXCLUDE THE

13   PROSECUTOR.  THAT IS WHAT I'M TRYING TO FIND OUT IF

14   THAT IS WHAT YOU WANT.  I WILL ASK THE PROSECUTOR TO

15   STEP OUT, SO WE CAN DISCUSS WHATEVER CONCERNS YOU HAVE

16   ABOUT YOUR ATTORNEY.

17             IS THAT WHAT YOU WANT TO DO?

18             THE DEFENDANT:  YES.

19             THE COURT:  MS. BOHENEK, WOULD YOU STAND OUT

20   IN THE HALLWAY.  WE WILL CONTACT YOU AS SOON AS WE

21   FINISH THE DISCUSSION.

22             MS. BOHENEK:  OKAY.

23             THANK YOU, YOUR HONOR.

24             (WHEREUPON, THE FOREGOING PROCEEDING WAS HELD

25   WITHIN THE PRESENCE OF THE COURT STAFF; GARY EDWARDS,

26   P.C.C.; AND THE DEFENDANT:)

27             THE COURT:  ALL RIGHT.  THE RECORD SHOULD

28   REFLECT THAT THE ONLY PEOPLE PRESENT IN THE COURTROOM

1    IS THE COURT STAFF; MR. THOMAS; MR. EDWARDS, HIS

2    ATTORNEY.

3           MR. THOMAS, GO AHEAD, SIR.

4           THE DEFENDANT:  YES.  I FILED A MOTION FOR

5    THE DISMISSAL OF MY P.C.C. DUE TO THE FACT THAT HE IS A

6    COURT-APPOINTED ATTORNEY.  I JUST DECIDED I SEE CERTAIN

7    CONFLICTS.  I FEEL HE WILL NOT DO A COMPLETE

8    REPRESENTATION OF ME.  UNDER MY CONSTITUTIONAL RIGHTS I

9    AM INVOKING MY SIXTH AMENDMENT RIGHT FOR INEFFECTIVE

10   ASSISTANCE OF COUNSEL.                           *MISPRINT !*

11          THE COURT:  OKAY.  YOU SAID YOU WANT

12   EFFECTIVE ASSISTANCE OF COUNSEL AND YOU DO NOT BELIEVE

13   HE CAN PROVIDE THAT FOR YOU, BECAUSE HE IS COURT

14   APPOINTED.

15          THE DEFENDANT:  THAT AND ALSO, I MEAN, I HAVE

16   BEEN ASSIGNED THIS P.C.C. FOR OVER A MONTH.  HE DOESN'T

17   COME AND SEE ME.  HE DOESN'T DISCUSS ANY DEFENSE

18   STRATEGIES THAT HE MAY HAVE TO REPRESENT ME.  NONE OF

19   THAT -- YOU KNOW, THAT IS THE DUTY OF A DEFENSE

20   COUNSEL.  HE HASN'T DONE NONE OF THAT.  I BASICALLY AM

21   DOING MY OWN RESEARCH ON IT -- YOU KNOW, TRYING TO FIND

22   LOOPHOLES AND WHATNOT.  HE HASN'T EVEN DISCUSSED WITH

23   ME A DEFENSE STRATEGY, FIRST OF ALL.

24          THE COURT:  OKAY.

25          THE DEFENDANT:  HE IS A GOVERNMENT AGENT.  WE

26   DON'T EVEN HAVE AN AGREEMENT.  HIS OBLIGATION TO THE

27   GOVERNMENT COMES BEFORE HIS OBLIGATION TO ME.  I NEED

28   UNDIVIDED LOYALTY.  I NEED IT AS A RIGHT THAT I HAVE

AND THE COUNSEL (WHICH CONTINUE TO LINES 1-6 ON THE ⟨58⟩
NEXT PAGE 59) ...

1    UNDER THE SIXTH AMENDMENT OF THE FEDERAL CONSTITUTION.

2    THAT IS ALL THAT I'M STATING.

3            THE COURT:  SO HE HASN'T VISITED YOU.  HE

4    HASN'T HAD A CHANCE TO DISCUSS THE CASE WITH YOU.  AND

5    IF I UNDERSTAND YOU CORRECTLY, YOU DON'T BELIEVE

6    BECAUSE HE'S A GOVERNMENT EMPLOYEE HE HAS YOUR

7    INTERESTS IN MIND.

8            THE DEFENDANT:  NOT AT ALL.  I NEED SOME SORT

9    OF CONSTITUTIONAL AGREEMENT WITH MY LAWYER.  I NEED HIS     *WRITTEN*   *MISPRINT*

10   UNDIVIDED LOYALTY.

11           THE COURT:  OKAY.  ANY OTHER SPECIFIC

12   COMPLAINTS?

13           THE DEFENDANT:  NOT AT ALL.

14           THE COURT:  MR. EDWARDS, WOULD YOU LIKE TO

15   RESPOND AS TO YOUR VISITS OR YOUR DISCUSSIONS WITH

16   MR. THOMAS ABOUT THIS MATTER?

17           MR. EDWARDS:  WELL, YES, YOUR HONOR.

18        I HAVE NOT BEEN TO SEE HIM, BUT THAT WAS

19   BROUGHT ABOUT FROM THE FIRST MEETING WHEN I WAS

20   APPOINTED TO REPRESENT HIM.  HE MADE A MARSDEN MOTION

21   10 MINUTES AFTER I ARRIVED.  HE DOESN'T WANT TO TALK TO

22   ME.  HE DOESN'T WANT TO HAVE ANYTHING TO DO WITH ME.

23           "YOU'RE A P.C.C.  I DON'T WANT TO TALK TO YOU."

24   THAT TYPE OF CONDUCT CARRIED OVER TO SUBSEQUENT

25   MEETINGS.  THE ARRAIGNMENT, THE SETTLEMENT CONFERENCE.

26   HE WOULDN'T SPEAK TO ME AT THE SETTLEMENT CONFERENCE.

27           HE DIDN'T SPEAK AT THE PRELIM.  HE GOT

28   VIOLENT AT THE PRELIM AND THREATENED ME.  I'M CERTAINLY

FAILURE TO ACKNOWLEDGE AN APPARENT CONFLICT OF INTEREST
AND ORDER COUNSEL TO BE REMOVED.

1   NOT INCLINED TO GO DOWN TO GEORGE BAILEY AFTER THE WAY

2   HE THREATENED ME AT THE PRELIM.

3           ALL IN ALL HE JUST WON'T COOPERATE.  HE WON'T

4   TALK TO ME.  I CALLED A COUPLE OF TIMES DOWN THERE.  HE

5   DIDN'T RETURN THOSE CALLS.  HE'S BEEN IMPOSSIBLE TO

6   WORK WITH.

7           THE COURT:  IN TERMS OF YOUR PREPARATION FOR

8   THE CASE AND TRYING THE CASE, WHAT HAVE YOU DONE, SIR?

9           MR. EDWARDS:  FACTUALLY IT'S NOT A COMPLEX

10  CASE.  I HAVE BEEN PRESENT AT THE PRELIM.  HE WAS NOT

11  PRESENT AT THE PRELIM, BECAUSE HE ACTED OUT AND

12  THREATENED THE JUDGE AND MYSELF.  SO WE CONDUCTED THE

13  PRELIM WITHOUT HIM.  I AM WELL-ACQUAINTED WITH THE

14  FACTS AND I AM READY TO PROCEED.

15          IT'S DIFFICULT WHEN HE WON'T RESPOND.  AT THE

16  LAST HEARING TWO WEEKS AGO HIS ONLY REMARK TO ME WAS

17  "WHAT DO YOU WANT?  THERE IS NOT GOING TO BE A TRIAL."

18          SO TODAY HE COMES IN AND SAYS I HAVEN'T

19  VISITED HIM.  IT CERTAINLY IS INCONSISTENT WITH HOW HIS

20  ATTITUDE HAS BEEN FOR THE LAST TWO MONTHS.

21          THE COURT:  HAVE YOU HAD ANY PRIOR CONTACT

22  WITH MR. THOMAS PRIOR TO THIS CASE?

23          MR. EDWARDS:  NO, I TOOK IT IN GOOD FAITH.

24  HE'S BEEN LIKE THIS EVER SINCE DAY ONE.

25          THE COURT:  OKAY.  MR. THOMAS, IS IT TRUE

26  THAT YOU INDICATED TO THE COURT THAT YOU DIDN'T WANT

27  THE P.C.C. AT THE INITIAL HEARING?

28          THE DEFENDANT:  YES, HE DIDN'T EVEN SHOW UP

1          ADDITIONALLY, IF YOU SPEAK OUT LOUD, I'M

2     PREPARED TO REMOVE YOU FROM THE COURTROOM.  IF IT

3     DISRUPTS THE COURT'S PROCEEDINGS, YOU WILL BE WAIVING

4     YOUR RIGHT TO BE PRESENT.

5          AT ANY TIME YOU HAVE A RIGHT TO RECLAIM YOUR

6     RIGHT TO BE PRESENT BY INDICATING TO THE COURT YOU WANT

7     TO PARTICIPATE.  YOU WANT TO BE HERE.  YOU WANT TO

8     ASSIST IN THE DEFENSE AND I WILL BRING YOU BACK INTO

9     COURT.

10          I NEED TO KNOW FROM YOU, SIR, ARE YOU

11    READY TO COME BACK INTO COURT AND CONDUCT YOURSELF AS

12    THE COURT INDICATED?

13          I WILL TAKE YOUR SILENCE AS NO.  IF IT IS

14    YES, TELL ME.  OTHERWISE, YOU WILL WAIVE YOUR RIGHT TO

15    BE PRESENT DURING THIS JURY TRIAL.  IF YOU DON'T SPEAK

16    TO ME, SIR, I WILL TAKE THAT AS A YES, YOU ARE WAIVING

17    YOUR RIGHT AND WE WILL PROCEED WITHOUT YOU.  IF YOU

18    WANT, YOU CAN TALK TO YOUR ATTORNEY.  HE'S PRESENT.

19          DO YOU WANT TO TALK TO YOUR ATTORNEY?

20          THE RECORD SHOULD REFLECT THAT HE FLIPPED HIS

21    ATTORNEY THE BIRD SUGGESTING THAT HE DOES NOT WANT TO

22    SPEAK TO HIS ATTORNEY.

23          SO AGAIN, MR. THOMAS, I'M ASKING YOU, ARE YOU

24    WAIVING YOUR RIGHT TO BE PRESENT FOR THIS PROCEEDING?

25          I HAVE A JURY STANDING OUT IN THE HALLWAY UP

26    IN MY DEPARTMENT.

27          THE RECORD SHOULD REFLECT THAT I HAVE COME

28    DOWN TO THE THIRD FLOOR.  I HAVE COME TO YOU.  I

1    BROUGHT THE COURT STAFF WITH ME TO ACCOMMODATE YOU AND

2    TO PROTECT YOUR RIGHTS TO MAKE SURE THAT YOU CAN BE

3    AVAILABLE.

4           YOUR SILENCE WILL BE TAKEN AS A WAIVER OF

5    YOUR RIGHT.  DO YOU WISH TO BE HEARD?

6           THE RECORD WILL REFLECT THAT HE REFUSES TO

7    SPEAK TO THE COURT.

8           I WILL TAKE THAT AS A WAIVER AND WE WILL

9    PROCEED IN YOUR ABSENCE.

10          MR. THOMAS, THANK YOU.

11          MR. EDWARDS:  THERE IS ONE ADDITIONAL MATTER

12   AND THAT IS THE JURY WAIVER.  I WOULD ASK THAT YOU

13   INQUIRE OF HIM BEFORE YOU REMOVE HIM.

14          THE COURT:  MR. THOMAS, SINCE YOU ARE WAIVING

15   YOUR RIGHT TO BE PRESENT, ARE YOU PREPARED TO WAIVE

16   YOUR RIGHT TO A JURY TRIAL AND SUBMIT YOUR MATTER TO A

17   BENCH TRIAL?

18          THE DEFENDANT:  WHERE IS GOD?

19          THE COURT:  ARE YOU PREPARED TO WAIVE YOUR

20   RIGHT TO A JURY?

21          THE DEFENDANT:  WHERE IS THE CREATOR?

22          THE COURT:  MR. EDWARDS, DO YOU BELIEVE YOUR

23   CLIENT IS INCOMPETENT TO STAND TRIAL, SIR?

24          MR. EDWARDS:  WELL, YOUR HONOR, BEING THAT HE

25   WON'T SPEAK TO ME IT HAS BEEN TOUGH TO EVALUATE WHETHER

26   OR NOT HE IS ABLE TO UNDERSTAND THE PROCEEDINGS, BUT I

27   THINK HE IS COMPETENT TO STAND TRIAL.

28          THE COURT:  VERY WELL.  FROM THE COURT'S

(b) **GROUND TWO**: _____

_____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Did you raise GROUND TWO in the California Supreme Court?
☐ Yes ☐ No.

(c) **GROUND THREE**: _____

_____

_____

**Supporting FACTS** (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Did you raise GROUND THREE in the California Supreme Court?

☐ Yes ☐ No.

(d) **GROUND FOUR**: _____

_____

_____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Did you raise GROUND FOUR in the California Supreme Court?

☐ Yes ☐ No.

**23.** Do you have any petition or appeal now pending in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☒ No

**24.** If your answer to #23 is "Yes," give the following information:

    (a)  Name of Court: _____

    (b)  Case Number: _____

    (c)  Date action filed: _____

    (d)  Nature of proceeding: _____

    _____

    (e)  Grounds raised: _____

    _____

    _____

    _____

    _____

    (f)  Did you receive an evidentiary hearing on your petition, application or motion?
    ☐ Yes  ☐ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a)  At preliminary hearing: _COURT APPOINTED_____

    (b)  At arraignment and plea: _COURT APPOINTED_____

    (c)  At trial: _COURT APPOINTED_____

    (d)  At sentencing: _COURT APPOINTED_____

    (e)  On appeal: _PATRICK HENNESSEY JR.   2356 MOORE ST. STE 201 S.D CA. 92110_

    (f)  In any post-conviction proceeding: _____

    (g)  On appeal from any adverse ruling in a post-conviction proceeding: _____

**26.** Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☒ Yes  ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes  ☒ No

   (a) If so, give name and location of court that imposed sentence to be served in the future:

   (b) Give date and length of the future sentence: _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
     ☐ Yes  ☐ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____
    _November 26, 2007_

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

_Nov. 26, 2007_          _Eric Thomas_
   (DATE)              SIGNATURE OF PETITIONER

# PROOF OF SERVICE BY MAIL

I, ___Eric Thomas___ , AM A RESIDENT OF FOLSOM STATE PRISON IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA. I AM OVER THE AGE OF 18 YEARS, AND I AM/AM NOT A PARTY TO THIS ACTION.

MY PRISON NUMBER IS: ___T68246___

MY PRISON ADDRESS IS; **P.O. BOX 950, Folsom, Ca. 95763**

ON ___Nov. 25___ , 2007, I SERVED A COPY OF THE FOLLOWING DOCUMENT: _Petition For writ of Habeas Corpus_

ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS IN A SEALED ENVELOPE WITH POSTAGE FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), FOLSOM, CALIFORNIA, ADDRESSED AS FOLLOWS:

United States District Court - Southern District of California

Office of the Clerk

880 Front street, Suite 4290

San Diego , CA. 92101-8900

THERE IS DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED ___Nov. 25___ , 2007, AT FOLSOM, CALIFORNIA..

___Eric Thomas___
&lt;signature here &gt;

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Eric Angel Thomas

2254   DEFENDANTS

FILING FEE PAID
Yes          No

IFP MOTION FILED
Yes          No

COPIES SENT
Court   Pros.

Kramer, et al

FILED
2007 NOV 29 PM 2:58
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED** Kern
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Eric Angel Thomas
PO Box 715071
Represa, CA 95671
T-68246

ATTORNEYS (IF KNOWN)

'07 CV 2257 IEG   BLM

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
**(For Diversity Cases Only)         FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

## 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

| **VII. REQUESTED IN COMPLAINT:** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ | Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY (See Instructions):**     JUDGE                          Docket Number

| DATE | November 29, 2007 | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|---|