1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GARY W. SCHONS
   Senior Assistant Attorney General
4  PETER QUON, JR.
   Supervising Deputy Attorney General
5  KARL T. TERP, State Bar No. 131680
   Deputy Attorney General
6   110 West A Street, Suite 1100
    San Diego, CA 92101
7   P.O. Box 85266
    San Diego, CA 92186-5266
8   Telephone: (619) 645-2194
    Fax: (619) 645-2191
9   Email: Karl.Terp@doj.ca.gov

10 Attorneys for Respondent

11                    IN THE UNITED STATES DISTRICT COURT

12                  FOR THE SOUTHERN DISTRICT OF CALIFORNIA

13

| 14 | **ERIC ANGEL THOMAS,** | 07CV2257-IEG (BLM) |
|---|---|---|
| 15 | Petitioner, | **ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS** |
| 16 | v. | **AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| 17 | **M. C. KRAMER, Warden,** | **IN SUPPORT THEREOF** |
| 18 | Respondent. | Judge: The Honorable Barbara L. Major |

1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DANE R. GILLETTE
Chief Assistant Attorney General
3 | GARY W. SCHONS
Senior Assistant Attorney General
4 | PETER QUON, JR.
Supervising Deputy Attorney General
5 | KARL T. TERP, State Bar No. 131680
Deputy Attorney General
6 |  110 West A Street, Suite 1100
  San Diego, CA 92101
7 |  P.O. Box 85266
  San Diego, CA 92186-5266
8 |  Telephone: (619) 645-2194
  Fax: (619) 645-2191
9 |  Email: Karl.Terp@doj.ca.gov

10 | Attorneys for Respondent

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ERIC ANGEL THOMAS,** | 07CV2257-IEG (BLM) |
| Petitioner, | **ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| **M. C. KRAMER, Warden,** | |
| Respondent. | Judge: The Honorable Barbara L. Major |

Comes now Respondent, M.C. Kramer, Warden of Folsom State Prison, Represa, California, by and through his attorneys Edmund G. Brown, Jr., Attorney General of the State of California, and Deputy Attorney General Karl T. Terp, files this Return on the merits pursuant to the Order issued by this Court dated February 19, 2008. Respondent denies and affirmatively alleges as follows:

///

///

///

///

**I.**

Petitioner is lawfully in Respondent's custody within the California Department of Corrections system.

**II.**

The cause of Petitioner's detention is a sentence of nine years in prison, imposed by the Superior Court of San Diego County following Petitioner's conviction by a jury of sale of a controlled substance, possession for purposes of sale of a controlled substance as well as the jury's true finding that Petitioner had been convicted of a prior "strike" offense.

**III.**

The highly deferential standard of federal habeas corpus review established by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to Petitioner's claim.

**IV.**

Petitioner raises one claim asserting a violation of due process on the basis that he was denied his right to counsel of his choice because he had a court-appointed attorney.

**V.**

Petitioner did not present this claim to the California Supreme Court below so it is unexhausted. The California Supreme Court, nonetheless, denied the petition he filed asserting ineffective assistance of counsel and violation of due process resulting from being excluded from the courtroom because his claims had not been asserted with particularity. Nonetheless, Petitioner's claim is contrary to established United States Supreme Court authority so it should be denied on the merits pursuant to 28 U.S.C. § 2254(b)(2).

**VI.**

The relevant facts set forth in the accompanying points and authorities in support of this Answer are incorporated herein by reference. Except as herein expressly admitted, Respondent denies each and every allegation of the petition and specifically denies Petitioner's confinement is in any way improper, or any of Petitioner's rights have been or are being violated.

**VII.**

Petitioner is not entitled to an evidentiary hearing.

1 | WHEREFORE, for the reasons set forth more fully in the accompanying Memorandum of Points and Authorities and Lodgments, Respondent respectfully requests the Petition for Writ of Habeas Corpus be denied.

Dated:  April 7, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

PETER QUON, JR.
Supervising Deputy Attorney General


/s/ KARL T. TERP

KARL T. TERP
Deputy Attorney General

Attorneys for Respondent

ANSWER.wpd
SD2007701200

**MEMORANDUM OF POINTS AND AUTHORITIES**

**STATEMENT OF THE CASE**

On June 12, 2006, in the California Superior Court of San Diego County, case No. SCD197488, a jury convicted Petitioner of possession of a controlled substance, cocaine base, (Cal. Health & Saf. Code § 11352, subd. (a)) and possession of cocaine base for purposes of sale (Cal. Health & Saf. Code § 11351.5). The jury also made true findings that Petitioner had served a prior prison term and had a prior strike conviction. (Lodgment 1, 75-80, 111.)

On April 17, 2007, the California Court of Appeal, Fourth Appellate District, Division One, for the State of California affirmed Petitioner's conviction in case number D049171. (Lodgment 2.) Petitioner did not file a Petition for Review in the California Supreme Court.

On June 11, 2007, Petitioner filed a petition for writ of habeas corpus in California Supreme Court. (Lodgment 3.) Petitioner raised two issues; first, claiming ineffective assistance of counsel and second, claiming a denial of due process for being excluded from the courtroom and because the trial court did not hold a hearing to address the lack of communication between Petitioner and appointed counsel. On October 31, 2007, the California Supreme Court denied the petition citing *In re Swain*, 34 Cal.2d 300, 304 (1949) and *People v. Duvall*, 9 Cal.4th 464, 474 (1995), in case number S153425. (Lodgment 4.)

On November 29, 2007, Petitioner filed an instant petition.

**STATEMENT OF FACTS**

Detective Roberto Lemus was working as part of a narcotics team when he approached Carla Poole in a known narcotics trafficking area. Lemus asked her if she knew from whom he could buy narcotics, and Poole responded that she would help him find a dealer. Lemus gave Poole a prerecorded $20 bill. Poole walked across the street and spoke to Eric Thomas, who walked to the front of a nearby hotel and took something out of a planter box. He then placed something back in the planter box. Thomas walked back to Poole and handed her something, allegedly rock cocaine, and Poole gave Thomas something, allegedly the prerecorded $20 bill, in return. Poole walked back to Lemus and handed him .13 grams of cocaine base. Lemus gave the "bust signal," and uniformed officers arrested Poole and Thomas.

1  The officers searched Poole and found nothing. The officers searched Thomas and found
2  the prerecorded $20 bill, .18 grams of cocaine base, and an additional $251 in cash.
3  Officer Robert Stinton searched a planter box near where Thomas was arrested and found
4  .81 grams of cocaine base. He did not search the planter box from which Thomas allegedly obtained
5  the cocaine he gave to Poole.
6  The jury convicted Thomas of sale and possession for sale of cocaine base, with true
7  findings he served a prior prison term within the meaning of section 667.5, subdivision (b), and
8  suffered a serious or violent felony conviction within the meaning of sections 667, subdivision (b)
9  through (i) and 1170.12. The court sentenced Thomas to the midterm of four years for the sale
10 conviction, doubled to eight years under the three strikes law, and imposed but stayed execution of
11 a sentence of the midterm of four years for the possession for sale conviction, doubled to eight years
12 under the three strikes law. The court imposed an additional one-year enhancement for the prior
13 prison term, a restitution fine of $1,800 under section 1202.4 subdivision (b), and imposed but stayed
14 an additional restitution fine of $1,800 under section 1202.45.

## ARGUMENT

### I.

**THE CLAIM IN THE INSTANT PETITION IS UNEXHAUSTED BUT, NONETHELESS, SHOULD BE DENIED ON THE MERITS**

The claim which Petitioner raises in this Court – that he was denied his right to counsel of his choice – is not the same as the claim he raised in the California Supreme Court. Petitioner's claim is unexhausted. Nonetheless, this Court should deny it on the merits because Petitioner had no federal constitutional right to court-appointed counsel of his choice.

**A.  Petitioner's Claim Is Unexhausted**

Well-settled law requires state prisoners to exhaust available state judicial remedies before a federal court will entertain a petition for habeas corpus. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509,

30 L.Ed. 2d 438 (1971). Exhaustion is required by the AEDPA. 28 U.S.C. § 2254(b)(1).[1] A federal court may not grant federal habeas corpus relief unless the Petitioner has exhausted his state court remedies with respect to all claims contained in the petition. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 349, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); *Rose v. Lundy*, 455 U.S. 509, 521, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

In order to exhaust state court remedies, the federal contention must have been fairly presented to the state's highest court, which in turn must have disposed of the claim on the merits. *Anderson v. Harless*, 459 U.S. 4, 6-8, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982); *Roettgen v. Copeland*, 33 F.3d 36, 38-9 (9th Cir. 1994). In order to fairly present an issue in the state court, full factual development of the issue must occur in state court. 28 U.S.C. § 2254(e)(2); *(Michael) Williams v. Taylor*, 529 U.S. 420, 434, 120 S. Ct. 1479, 146 L. Ed. 2d 435 (2000). However, this Court may deny his petition on the merits, despite his failure to exhaust state remedies. 28 U.S.C. 2254(b)(2).

Prior to the enactment of the AEDPA, the United States Supreme Court held full factual development of a federal claim must occur in state court to afford the state a full and fair opportunity to address the claim on the merits. *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 9-10, 112 S. Ct. 1715, 118 L. Ed. 2d 318 (1992). The AEDPA simply codified this requirement. *(Michael) Williams v. Taylor*, 529 U.S. at 432-34. And a Petitioner must act diligently to develop the factual predicate of his

---

1. The exhaustion rule is codified in section 2254(b)(1) of Title 28 of the United States Code, as amended by the AEDPA, which provides in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
> (A) the applicant has exhausted the remedies available in courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

1  claim. *(Michael) Williams v. Taylor*, 529 U.S. at p. 435. Diligence requires a state prisoner to make a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court. *Id.*; *see also Bragg v. Galaza*, 242 F.3d 1082, 1090 (9th Cir. 2001). "Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *(Michael) Williams v. Taylor*, 529 U.S. at 437.

Furthermore, the United States Supreme Court made clear the AEDPA required a Petitioner to present claims to the state's Supreme Court in a petition for discretionary review to satisfy the requirement of exhaustion. *O'Sullivan v. Boerckel*, 526 U.S. at 845. The exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, so state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process. *Id.* at p. 845. This rule reflects a policy of federal-state comity. *O'Sullivan v. Boerckel*, at 844. The United States Supreme Court in *O'Sullivan v. Boerckel* held failure to properly exhaust state remedies can result in the claims being procedurally defaulted. *Id.* at p. 848.

The California Supreme Court in *People v. Duvall* and *In re Swain* set forth the state law pleading requirements for habeas petitions, including the requirement that a petition be pleaded with sufficient particularity. *People v. Duvall*, 9 Cal.4th at 474-475, *In re Swain*, 34 Cal.2d at 304. Claims have not been "fairly presented" to the California Supreme Court when the court properly denied the petition for failure to satisfy the state law requirement that a petition be pleaded with sufficient particularity. *See Kim v. Villalobos*, 799 F. 2d 1137, 1113 (9th circuit 1986); *Harris v. Superior Court*, 500 F. 2d 1124, 1128 (9th circuit 1974), cert denied, 420 U.S. 973 (1975). This Court independently examines the sufficiency of Petitioner's California Supreme Court petition. *Kim v. Villalobos*, 799 F. 2d at 1320. Such examination establishes that Petitioner raised a different claim in the California Supreme Court, and the claim was not asserted with particularity.

///

///

///

In his state Supreme Court petition, Petitioner first argued ineffective assistance of counsel – a claim he does not raise in this Court. Lodgment 3, 3- 5.[2/] Specifically, Petitioner asserted trial counsel did not discuss defense strategy with him, did not provide him with discovery, and failed to contact him. Lodgment 3, 3-4. In support of his claim, Petitioner made vague and sweeping general allusions to the record but failed to provide any references to the record in support of his claims. Lodgment 3, 4-5. In his second claim raised in the California Supreme Court Petitioner argued the trial court violated due process by holding the trial in his absence. Lodgment 3, 6-7. Again, Petitioner failed to make any references to the record in support of his claim other than to mention a few dates. Rather, Petitioner simply asserted, "I assure that the record will show that certain aspects of my rights to due process of law were ignored." These two claims are not asserted before this Court. Instead, Petitioner asserts a different claim – he was denied his right to counsel of his choice. Because Petitioner failed to assert in the state Supreme Court the claim he now asserts before this Court and because he failed to fairly present the claims he did raise in state court, his claims are procedurally defaulted. *O'Sullivan v. Boerckel*, 526 U.S. 848-849.

The issue which Petitioner asserts before this Court is that he was denied his "6th Amendment right to counsel which include [sic] the right to counsel of choice. The County of San Diego desperately moved for a state conviction by forcing a court-appointed attorney upon me, to whom I did not give written consent to representation." Petition at 7. Petitioner argues he was forced to accept court-appointed counsel and this violated his "right to counsel of choice but it deprives indigent and often uninformed criminal defendants of equal protection of the laws guaranteed by the Fourteenth Amendment of the United States Constitution." Petition at 7. Petitioner makes numerous references to various hearings during where he was denied the appointment of new counsel despite his protestations that he perceived a conflict with the court appointed counsel system. Petition at 8-9. However, as will be developed more fully below, Petitioner did not have a constitutional right to counsel of his choice. And he did not assert this argument before the California Supreme Court.

---

2. The Petition does not contain pagination. Therefore, respondent has numbered each page consecutively, starting at the top page, and page references are made accordingly.

1  Additionally, Petitioner provides factual support – with citations to exhibits and exhibits – in the instant petition which he did not provide in his petition to the California Supreme Court. The California Supreme Court's denial of his petition referencing *In re Swain and Duvall* establishes the denial was for failing to plead his claim with sufficient particularity. To the extent the claim raised by Petitioner in the instant petition bears any similarity to that raised in the instant petition, he did not assert it below with sufficient particularity so it is procedurally defaulted.

State remedies have not been exhausted unless all of the Petitioner's federal claims have been "fairly presented to the state courts," *Picard v. Connor*, 404 U.S. at 275, and the highest state court has disposed of the claims on the merits, *Harris v. Superior Court*, 500 F.2d 1124, 1128 (9th Cir. 1974) (en banc), cert. denied, 420 U.S. 973, 95 S. Ct. 1394, 43 L. Ed. 2d 652 (1975). In the instant case, Petitioner neither asserted nor developed the argument he asserts before this Court. Therefore, Petitioner failed to exhaust his state remedies and the arguments he did assert before the state high court were not asserted with particularity. Should this Court decided not to deny the instant petition, it should be dismissed for failure to exhaust.

**B.  The Petition Should Be Denied On The Merits Because Petitioner Had No Right To The Appointment Of Indigent Counsel Of His Choice**

As previously asserted, this Court can deny the petition on the merits, despite Petitioner's failure to exhaust his remedies in state court. 28 U.S.C. 2254 (b)(2) *(See Cassett v. Stewart*, 406 F.3d 614, 624 (5th Cir. 2005)). Petitioner asserts that even though he was indigent, he was entitled to counsel of his choice. The United States Supreme Court has held otherwise. Therefore, Petitioner fails to establish a violation of any of his United States constitutional rights.

A criminal defendant who ***can afford*** to retain his own attorney possesses a qualified constitutional entitlement to counsel of his choice. *Caplin & Drysdale v. United States*, 491 U.S. 617, 625-34, 109 S. Ct. 2646, 105 L. Ed. 2d 528 (1989). The right is limited, however; a court may require a defendant to exercise his choice promptly, so that trial will not be delayed. *Ungar v. Sarafite*, 376 U.S. 575, 84 S. Ct. 841, 11 L. Ed. 2d 921 (1964). Or a defendant may be prevented from retaining an attorney who has a conflict of interest. *Wheat v. United States*, 486 U.S. 153, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988). Thus, consistent with the essential aim of the constitutional

right to counsel to guarantee an effective advocate for each criminal defendant, the right to choice of counsel may be circumscribed by sufficiently overriding interest of the judicial system. *Wheat v. United States*, 486 U.S. 153, 108 S. Ct. 1692, 100 L. Ed. 2d 140 (1988)

Under the Sixth Amendment, a criminal defendant must be given a reasonable opportunity to employ and consult with counsel. *Chandler v Fretag*, 348 U.S. 3, 10, 75 S.Ct. 1, 99 L. Ed. 4 (1954). Accordingly, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S. Ct. 841, 11 L. Ed. 2d 921 (1964). But there are no "mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate [a defendant's constitutional rights]. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Id.*

**1. Pertinent Factual And Procedural History**

On April 5, 2006, prior to the preliminary hearing, Petitioner informed the court he wanted a two-week extension of time to find retained counsel. (Lodgment 5, 1-2.) Petitioner told the court that he had "people on the outside" helping to find someone else to represent him. (Lodgment 5, 2.) When the court asked Petitioner what efforts is made to secure counsel, Petitioner stated he had people on the outside looking for a private practice attorney but he did not "want to move ahead too fast." (Lodgment 5, 2-3.) The court noted the case was a month old and asked Petitioner what he had done during that time to secure private counsel, and Petitioner responded, "Nothing, just getting rid of my public defenders."[3] (Lodgment 5, 3.)

At this point, the court informed Petitioner the preliminary hearing would not be continued. (Lodgment 5, 3-4.) Petitioner objected, telling the court that being forced to go ahead with court-appointed counsel violated his Sixth Amendment right and asked to be tried by another judge. Lodgment 5, 4. The court denied the request and went forward with the preliminary hearing. (Lodgment 5, 4-5.)

---

3. The court reminded Petitioner he was not being represented by public defender because the public defender had been replaced by conflict counsel, and counsel informed the court Petitioner did not want any appointed attorney. Lodgment 5, 3.

Over a month later on June 8, 2006, trial was set to commence and preliminary matters were addressed. (Lodgment 6, 53-54.) Trial counsel, Mr. Edwards, informed the court he had been unable to present Petitioner with a plea offer because Petitioner was unwilling to discuss it with him. (Lodgment 6, 54.) When the court inquired of Petitioner whether there was anything the court could do to help them resolve the case, Petitioner informed the court he had filed a motion. (Lodgment 6, 54.) The court stated it had not received any motions, and after some discussion with the parties, the court had his clerk look for it while they discussed it in open court. (Lodgment 6, 55-56.)

Petitioner informed the court that he wanted to dismiss appointed trial counsel – his P.C.C[4/]. (Lodgment 6, 56.) When asked by the court what he wanted to talk to the court about, Petitioner stated, "***I actually want to be referred to the indigent panel***." (Lodgment 6, 56; emphasis added.) At this point, the court held a lengthy hearing outside of the presence of the prosecutor during which the court addressed Petitioner's concerns, attempted to disabuse Petitioner of his notion that all appointed attorneys were incapable of representing his constitutional rights, explained the duty attorneys had to represent their clients, and how court-appointed attorney agencies operated. (Lodgment 6, 56-69.)

One of Petitioner's complaints was that trial counsel had not called him, visited him, or otherwise discussed his case with him. (Lodgment 6, 57-58.) However, trial counsel explained Petitioner refused to talk to him; this included at the arraignment, the settlement conference and the preliminary hearing. (Lodgment 6, 58-59.) He further explained that Petitioner had threatened him at the preliminary hearing and because of this he was not inclined to visit Petitioner but had called him and left messages that went unreturned. (Lodgment 6, 59.) Explaining why he refused to talk with trial counsel at the initial hearing, Petitioner asserted trial counsel was unprepared. (Lodgment 6, 59-60.) Trial counsel countered that he was prepared, had the paperwork Petitioner accused him of not having, and had tried to explain to Petitioner the offer the prosecution had made, but Petitioner refused to talk with him. (Lodgment 6, 60.)

The court asked Petitioner if his concern was with representation by any appointed governmental employee, and Petitioner responded affirmatively. (Lodgment 6, 61.) The court then

---

4. Private conflict counsel. (Lodgment 6, 64.)

went on at great length to explain to Petitioner the duties of attorneys and the fact that whoever was appointed to represent him, would have to uphold the law and represent Petitioner's rights. (Lodgment 6, 61-65.) During its dialogue with Petitioner, the court explained, "An appointed attorney, even though they are paid by the government, their responsibility is to the client and the client's constitutional rights. That is their oath. That is their responsibility." (Lodgment 6, 63.) The court explained to Petitioner, "Other than P.C.C., Mr. Thomas, I don't have anyone else to appoint for you." (Lodgment 6, 64-65.)

Nonetheless, Petitioner stated that the courtroom was a "circus," that if his motion was denied he wanted the appointment of another judge, and that he did not care about the law, only the "law of God." (Lodgment 6, 65-68.) Petitioner's hostility escalated as he told the court he would refuse to cooperate, he did not respect the court or the laws, and he did not want to be in the courtroom. (Lodgment 6, 68-69.) During this part of the hearing, Petitioner stated, "*I want to be referred to the indigent panel*....Get me out of here. You can't have no trial without me. *I want to be referred to the indigent panel*. I will not cooperate. Just get me out of here, man." (Lodgment 6, 68; emphasis added.)

The court informed Petitioner they could have a trial in his absence and took Petitioner's request to leave as a waiver to be present, noting Petitioner was being unincorporated and disruptive. (Lodgment 6, 68-69.) When the court asked, "Would you like to be present?", Petitioner responded, "no, I will not be present." (Lodgment 6, 69.) Petitioner was then removed from the courtroom.

**2. Petitioner Was Not Entitled To The Appointment Of Counsel Of His Choice, So His Petition Should Be Denied On The Merits With Prejudice**

As the Supreme Court stated in *Caplin & Drysdale*, "those who do not have the means to hire their own lawyers have no cognizable complaint [under the Sixth Amendment] so long as they are adequately represented by attorneys appointed by the court. . . ." *Id.* 491 U.S. at 625-34. Petitioner has not demonstrated that his appointed counsel was ineffective. Petitioner claimed ineffective assistance of counsel in his petition in the California Supreme Court; not in the instant petition. And regarding choice of counsel, Petitioner has never demonstrated that he had the means to hire an attorney, a necessary condition precedent to the choice-of-counsel right.

While Petitioner told the court prior to the preliminary hearing that he was trying to hire counsel with the assistance of his people outside of jail, he never followed up on this request and, in fact, demanded to be referred to the indigent panel. (Lodgment 6, 56, 68.) He made these demands after successfully moving to have his assigned alternate defender replaced by an attorney from the Private Conflict Counsel (PCC). Petitioner's demands for appointment from the indigent panel established did not have the funds to obtain private counsel.

Here, it is important to recognize that California law is congruent with federal law regarding the right to a continuance to obtain private counsel. Pursuant to the Sixth Amendment, California courts must permit a defendant a "fair opportunity" to secure counsel of choice. *People v. Ortiz*, 51 Cal.3d 975, 983, 800 P.2d 547, 275 Cal. Rptr. 191 (1990). Although the right to counsel of choice is limited by the state's interest in an orderly and expeditious trial, the state courts may not arbitrarily deny a continuance requested for the purpose of substituting counsel. *People v. Blake*, 105 Cal. App. 3d 619, 624, 164 Cal. Rptr. 480 (1980) (citing *Unger v. Sarafite*, 376 U.S. 575, 589, 84 S. Ct. 841, 11 L. Ed. 2d 921 (1964)). While Petitioner sought a two-week continuance of his preliminary hearing to obtain private counsel, Petitioner told the court he did not want to rush into it and, in fact, had done little in the two weeks prior to the preliminary hearing. When the court asked Petitioner prior to the preliminary hearing what he had done to secure counsel, Petitioner said nothing more than he had sought to have the public defender removed from representing him and that he asked people to look for someone. (Lodgment 5, to- 3.) Additionally, it is apparent by his demands over a month later to be appointed counsel from the indigent panel that he did not have the funds to obtain private counsel. Therefore, the trial court never faced an actual request to substitute counsel.

Contrary to Petitioner's assertions otherwise, he was not entitled to counsel of his choice if he could not afford to pay for one himself. (Pet at 7-9.) Petitioner argues he never gave appointed counsel his written consent to represent him, but it is clear based upon the record that Petitioner was seeking something to which he was not entitled and refused to accept the trial court's explanation that appointed counsel was required by law to represent his constitutional rights. The petition includes abridged portions of the reporter's transcript and Petitioner's references even to this do not

fairly represent the record. Petitioner's assertion that the trial court "proceeded to make an irrational decision to exclude me from participating in a trial proceeding" (Pet at 9) does not fairly represent the record because Petitioner told the court he did not want to be present and wanted to be removed from the courtroom. (Lodgment 6, 68-69.)

Therefore, even though Petitioner's claim is not exhausted since it was not fairly presented to the California Supreme Court below, because it is contrary to established United States Supreme Court authority, Respondent respectfully requests this Court to deny the petition on the merits. Petitioner's claims that he had a constitutional right to appointed counsel of his choice is contrary to United States Supreme Court's decision in *Caplan & Drysdale v. United States*, 491 U.S. at 625-34, so his petition should be denied on the merits.

**CONCLUSION**

Petitioner did not present the claim in the instant petition to the California Supreme Court, so is not exhausted. The claims Petitioner did rise in the California Supreme Court were not presented with sufficient particularity. Nonetheless, Petitioner's claim in the instant petition should be denied on the merits because it is contrary to established United States Supreme Court authority; he was not entitled to appointed counsel of his choice.

Dated: April 7, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

PETER QUON, JR.
Supervising Deputy Attorney General


/s/ KARL T. TERP

KARL T. TERP
Deputy Attorney General

Attorneys for Respondent

ANSWER.wpd
SD2007701200

# TABLE OF CONTENTS

| | Page |
|---|---|
| MEMORANDUM OF POINTS AND AUTHORITIES | 4 |
| STATEMENT OF THE CASE | 4 |
| STATEMENT OF FACTS | 4 |
| ARGUMENT | 5 |
|    I.   THE CLAIM IN THE INSTANT PETITION IS UNEXHAUSTED BUT, NONETHELESS, SHOULD BE DENIED ON THE MERITS5 | 5 |
|       A.   Petitioner's Claim Is Unexhausted | 5 |
|       B.   The Petition Should Be Denied On The Merits Because Petitioner Had No Right To The Appointment Of Indigent Counsel Of His Choice | 9 |
|           1.   Pertinent Factual And Procedural History | 10 |
|           2.   Petitioner Was Not Entitled To The Appointment Of Counsel Of His Choice, So His Petition Should Be Denied On The Merits With Prejudice | 12 |
| CONCLUSION | 14 |

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Anderson v. Harless*
459 U.S. 4
103 S. Ct. 276
74 L. Ed. 2d 3 (1982) ..........6

*Bragg v. Galaza*
242 F.3d 1082 (9th Cir. 2001) ..........7

*Caplin & Drysdale v. United States*
491 U.S. 617
109 S. Ct. 2646
105 L. Ed. 2d 528 (1989) ..........9, 12, 14

*Cassett v. Stewart*
406 F.3d 614 (5th Cir. 2005) ..........9

*Castille v. Peoples*
489 U.S. 346
109 S. Ct. 1056
103 L. Ed. 2d 380 (1989) ..........6

*Chandler v Fretag*
348 U.S. 3
75 S.Ct. 1
99 L. Ed. 4 (1954) ..........10

*Harris v. Superior Court*
500 F. 2d 1124 (9th circuit 1974)
420 U.S. 973 (1975) ..........7, 9

*In re Swain*
34 Cal.2d 300 (1949) ..........4, 7, 9

*Keeney v. Tamayo-Reyes*
504 U.S. 1
112 S. Ct. 1715
118 L. Ed. 2d 318 (1992) ..........6

*Kim v. Villalobos*
799 F. 2d 1137 (9th circuit 1986) ..........7

*Michael) Williams v. Taylor*
529 U.S. 420
120 S. Ct. 1479
146 L. Ed. 2d 435 (2000) ..........6, 7

*O'Sullivan v. Boerckel*
526 U.S. 838
119 S. Ct. 1728
144 L. Ed. 2d 1 (1999) ..........5, 7, 8

## TABLE OF AUTHORITIES  (continued)

**Page**

*People v. Duvall*
9 Cal.4th 464 (1995) .......................................................... 4, 7, 9

*Picard v. Connor*
404 U.S. 270
92 S. Ct. 509
30 L. Ed. 2d 438 (1971) .......................................................... 5, 9

*Roettgen v. Copeland*
33 F.3d 36 (9th Cir. 1994) .......................................................... 6

*Rose v. Lundy*
455 U.S. 509
102 S. Ct. 1198
71 L. Ed. 2d 379 (1982) .......................................................... 6

*Ungar v. Sarafite*
376 U.S. 575
84 S. Ct. 841
11 L. Ed. 2d 921 (1964) .......................................................... 9, 10, 13

*Wheat v. United States*
486 U.S. 153
108 S. Ct. 1692
100 L. Ed. 2d 140 (1988) .......................................................... 9, 10

**Statutes**

Penal Code
    § 667, subdivision (b) .......................................................... 5
    § 667, subdivision (b) through (i) .......................................................... 5
    § 667.5, subdivision (b) .......................................................... 5
    § 1170.12 .......................................................... 5
    § 1202.4 subdivision (b) .......................................................... 5
    § 1202.45 .......................................................... 5
    § 2254(b)(1) of Title 28 .......................................................... 6

28 U.S.C.
    § 2254(b) .......................................................... 6
    § 2254(b)(1) .......................................................... 6
    § 2254(b)(2) .......................................................... 2, 6, 9
    § 2254(e)(2) .......................................................... 6

California Health & Safety Code
    § 11351.5 .......................................................... 4
    § 11352, subdivision. (a) .......................................................... 4

**TABLE OF AUTHORITIES (continued)**

**Page**

**Constitutional Provisions**

United States Constitution,
    Sixth Amendment ........................................................................................... 10

**Other Authorities**

Anti-Terrorism and Effective Death Penalty Act of 1996
    (AEDPA) ................................................................................................. 2, 6, 7

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Thomas v. Kramer**

No.:   **07CV2257-IEG (BLM)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>April 7, 2008</u>, I served the attached **ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

Eric Angel Thomas
CDC # T-68246
F 1-3-104U
P.O. Box 79001
San Diego, CA 92179

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on April 7, 2008, at San Diego, California.

|  |  |
| --- | --- |
| Laura Ruiz | *Laura Ruiz* |
| Declarant | Signature |

80225073.wpd