FILED

2008 MAY 13 AM 9:17

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**NUNC PRO TUNC**

MAY - 7 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA

Eric Angel Thomas,

        Petitioner,

V.

M.C. Kramer, Warden,

        Respondent,

07CV2257 - IEG (BLM)

PETITIONER'S TRAVERSE TO MATTERS RAISED IN RESPONDENT'S ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

Judge: The Honorable
Barbara L. Major

Petitioner, now a prisoner of Folsom State Prison in Represa California, do file this traverse, in pro se, to Respondent's Answer to petition for writ of Habeas Corpus. Petitioner denies all allegations of Respondent's Answer through clear arguement of the matter and request that this Court will proceed to rule fairly upon petitioner's writ of Habeas Corpus in light of the traverse.

ARGUEMENT

I.

RESPONDENT'S ALLEGATIONS ARE PRESUMPTIVE IN REGARD TO SPECIFIC CLAIM BY PETITIONER IN WRIT OF HABEAS CORPUS

Under Argument I, of Respondent's Answer to petitioner's Federal Writ of Habeas Corpus, Respondent's request that this court deny petitioner's claim is allegedly based upon a presumption that the petitioner raised claim that the courts denied him right to counsel of choice, is an "unexhausted" claim that was not raised in state court.

A. PETITIONER DENY THAT HABEAS CLAIM IS UNEXHAUSTED

The assertion by the respondent that petitioner's claim is unexhausted is false and have no merit because the record do reflect, for clarification purposes, that petitioner's "specific" claim on federal habeas is "violation of due process" which was raised in state habeas.

The fact that petitioner was denied counsel of choice is only a single element, among or rather "intertwined" with several court omission's that contributed to an overall effect of denial of due process and petitioner did in fact, demonstrate within both state and federal habeas "what" several individual court officials omitted to do and have done, despite petitioner's objections, to subject petitioner to constitutional violation's

II.

RESPONDENT EXPLAIN, OUT OF CONTEXT, THAT PETITIONER HAVE NO CONSTITUTIONAL RIGHT TO COUNSEL OF CHOICE, AS INDIGENT CRIMINAL DEFENDANT

Respondent use's petitioner's response to the trial court questioning whether petitioner was concerned with having another attorney "appointed" and petitioner did answer "yes". However, the respondent can not reasonably assume that the court intended to use the word "Appointed" as being synonymous with "Court-Appointed" because clearly, the court did not use specifically the word-phrase "Court-Appointed".

- 2. -

"APPOINTED" AND "COURT-APPOINTED" ARE TWO DIFFERENT WORD PHRASES WITH THE WORD "APPOINTED" HAVING A GENERAL OR UNIVERSAL APPLICATION WHILE THE PHRASE "COURT-APPOINTED" HAS A "SPECIFIC" OR PARTICULAR MEANING AND APPLICATION. THIS SAME ANALYSIS IS NECESSARY WHEN DETERMINING THAT THE "RIGHT TO COUNSEL OF CHOICE" AND THEN, "RIGHT TO COURT-APPOINTED COUNSEL OF CHOICE" ARE TWO VERY DIFFERENT CONCEPTS.

## A. RESPONDENT CAN NOT ESTABLISH THAT PETITIONER DESIRED SPECIFICALLY COURT-APPOINTED COUNSEL

In the record, the court did not ask petitioner if he wanted a different "COURT-APPOINTED" attorney. The Court, specifically asked the petitioner if he desired to have different attorney "Appointed." The petitioner answered "yes" to a general question with a general meaning.

To simply "Appoint" is universal. The definition of the word means "to arrange" and such a function, in general terms, can be applied by any mentally competent person, but to "Court-Appoint" mean that the power to arrange, to fix or to set officially, belong solely to the courts and not to any one individual or public Agency, thus the addition of the word "Court" to the word Appoint transforms the universal definition and application of the function into a "sole" function of the courts.

To further imply that petitioner desired court-appointed counsel, the Respondent use's petitioner's statement in trial court, where petitioner requested court to refer him to the indigent panel of lawyers, as if this request was the petitioner's "initial" desire prior preliminary hearing.

However, Respondent did not present factual court misconduct, abuse of discretion, or any "grave procedural errors" addressed by petitioner

1  in both State and Federal Habeas Corpus. The Respondent's Answer is an
2  attempt to interpret petitioners Habeas issue as; Petitioner contending
3  that he has a Constitutional right to "Court-Appointed" Counsel of Choice,
4  but this presumption or analysis is somewhat misleading because there
5  is no record that petitioner "initially" desired such representation prior
6  to both preliminary and trial hearing.
7
8                                III.
9  RESPONDENT'S RELIANCE UPON STATE LAW THAT DEFINE
10 WHAT QUALIFIES A CRIMINAL DEFENDANT'S ENTITLEMENT
11 TO COUNSEL OF CHOICE IS NOT APPLICABLE
12
13 In Respondent's Answer to petitioner's Writ of Habeas Corpus, Respondent
14 State that "... Petitioner has never demonstrated that he had the means
15 to hire an Attorney, a necessary condition precedent to the Choice-of-
16 Counsel right." (page 12 of Respondent's Answer) Also, Respondent state
17 on page 13 that... " he (meaning petitioner) was not entitled to
18 Counsel of his Choice if he could not afford to pay for one himself."
19 Of course, this State Law application is "Unconstitutional" because the
20 Federal Constitution do not distinguish "The People" by class or socio-
21 Economic Status. Rich or Poor, "The People" have equal Right (civil rights)
22 And the Federal Constitution do not specify who is entitled to a Right
23 and who is not.
24         However, the record reflect that petitioner "did not" seek to
25 have a particular Attorney he could not afford nor did he seek to
26 have Court-Appointed Counsel, initially. Petitioner contends that the
27 Court did not permit him "fair opportunity" during and post April 3,
28 2006 MARSDEN hearing, to contact and consult with counsel

1. suitable to petitioner's indigency, outside of Superior court system of
2. lawyer's. Respondent, nor Superior courts, can rightfully deny that
3. such alternative assistance exist.
4.          Petitioner state in the Marsden Hearing (April 3, 2006) that
5. he was working with family and friends, at that point and time, to
6. contact an attorney and the court stated that because the preliminary
7. hearing was scheduled April 5, 2006, petitioner had to "move quickly"
8. which is clearly unreasonable and prejudicial. Considering or presuming
9. that petitioner was indigent, the court(s) did not "reason" that;
10.   1) A financially abled person can not secure (effective) counsel in
11. two days, unless the circumstances are, either he or she have a lawyer
12. in mind from previous referral or contact or such a lawyer is already
13. secured in advance and...
14.   2) In petitioner's situation, the time needed to contact and con-
15. sult with a counsel "outside" the Superior court system, who work
16. with indigent cases, will more than likely require some time well
17. beyond the length of two days.
18.
19.                        CONCLUSION
20.
21. While it is fact that an indigent defendant "do not" have a right
22. under the U.S. Constitution to a court-appointed counsel of choice,
23. however, this is only applicable if and when an indigent criminal
24. defendant desire to seek and consent to have a court-appointed
25. attorney. As the record reflect that petitioner "initially" never
26. sought this representation (which is raised in both state and federal
27. Habeas Corpus), the court should have considered petitioner's request
28. for time to find and consult with alternative to court-appointed

1  REPRESENTATION AND that is A CONSTITUTIONAL (CIVIL) Right. PETITIONER
2  REQUEST that this COURT UNDERSTAND the MERIT AND "REASON" of the
3  ARGUMENT AND grant petitioner RELIEF IN TERMS of FAIRNESS.

6  DATED: MAY 4, 2008

                              Respectfully Submitted,

                              *[signature]*
                              ERIC THOMAS
                              IN pro se,

## PROOF OF SERVICE BY MAIL

I __Eric Thomas__, AM A RESIDENT OF FOLSOM STATE PRISON IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA. I AM OVER THE AGE OF 18 YEARS, AND (I AM)/AM NOT A PARTY TO THIS ACTION.

MY PRISON NUMBER IS: __T68246__

MY PRISON ADDRESS IS: **P.O. BOX 950, Folsom, Ca. 95763**

ON __May 4__, 2008, I SERVED A COPY OF THE FOLLOWING DOCUMENT:

Petitioner's Traverse To Respondent's Answer To petition for writ of Habeas Corpus

ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS IN A SEALED ENVELOPE WITH POSTAGE FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), FOLSOM, CALIFORNIA, ADDRESSED AS FOLLOWS:

United States District Court
Southern District of California
Office of The Clerk
880 Front Street, Room 4290
San Diego, CA. 92101-8900

THERE IS DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED __May 4__, 2008, AT FOLSOM, CALIFORNIA..

_Eric Thomas_
&lt;signature here &gt;

## PROOF OF SERVICE BY MAIL

I **Eric Thomas**, AM A RESIDENT OF FOLSOM STATE PRISON IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA. I AM OVER THE AGE OF 18 YEARS, AND (I AM)/AM NOT A PARTY TO THIS ACTION.

MY PRISON NUMBER IS: **T68246**

MY PRISON ADDRESS IS: **P.O. BOX 950, Folsom, Ca. 95763**

ON **May 4**, 2008, I SERVED A COPY OF THE FOLLOWING DOCUMENT:

**Petitioner's Traverse To Respondents Answer To Petition For Writ of Habeas Corpus**

ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS IN A SEALED ENVELOPE WITH POSTAGE FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), FOLSOM, CALIFORNIA, ADDRESSED AS FOLLOWS:

Edmund G. Brown Jr.
Attorney General of State of California
Department of Justice
110 West A Street, Suite 1100
P.O. Box 85266
San Diego, CA. 92186-5266

THERE IS DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED **May 4**, 2008, AT FOLSOM, CALIFORNIA..

## PROOF OF SERVICE BY MAIL

I __Eric Thomas__, AM A RESIDENT OF FOLSOM STATE PRISON IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA. I AM OVER THE AGE OF 18 YEARS, AND (I AM)/AM NOT A PARTY TO THIS ACTION.

MY PRISON NUMBER IS: _____

MY PRISON ADDRESS IS: **P.O. BOX 950, Folsom, Ca. 95763**

ON __May 4__, 2008, I SERVED A COPY OF THE FOLLOWING DOCUMENT:

Petitioner's Traverse To Respondent's Answer To Petition for Writ of Habeas Corpus

ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS IN A SEALED ENVELOPE WITH POSTAGE FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), FOLSOM, CALIFORNIA, ADDRESSED AS FOLLOWS:

Karl T. Terp
Deputy Attorney General
110 West A Street, Suite 1100
P.O. Box 85266
San Diego, CA. 92186-5266

THERE IS DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED __May 4__, 2008, AT FOLSOM, CALIFORNIA..