

Eric Angel Thomas CDCR# T-68246

B3-A4-17

P. O. Box 950

Represa, CA. 95763



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eric Angel Thomas,<br>    PETITIONER,<br><br>VS.<br><br>M. C. KRAMER, WARDEN.<br>    RESPONDENT, | CIVIL NO:07CV2257-IEG (BLM)<br><br>OBJECTIONS TO REPORT AND RECOMMENDATION |

Petitioner, a State Prisoner, now object to respondent's report and recommendation to deny petition for Writ of Habeas Corpus for reasons as stated below in discussion:

### DISCUSSION OF MATTER

The Respondent allege within "Report and Recommendation" that petitioner's writ of Habea's Corpus is procedural defaulted because the State Supreme Court dismissed the Habeas for failure to comply with a State rule of procedure. Respondent further allege that petitioner did not demonstrate how he was prejudiced as a result of constitutional violation's nor did petitioner argue an issue of actual innocence. Respondent use's this issue as the sole reason why the

1

District Court should dismiss the petition with prejudice.

A. PREJUDICE DEMONSTRATED:

Petitioner has explained in both State and Federal Habeas exactly what happened to him in San Diego County Superior Court. Petitioner has also explained specifically what court official's have done and what they have omitted to do that deprived the petitioner of due process and other constitutional rights. From this, The clearest and most simple demonstration of how petitioner was prejudiced is the obvious fact that petitioner is "Incarcerated" as a result of these violations and that petitioner is diligently challenging the constitutionality of the proceedings adopted by court official's to gain the State conviction.

B. QUESTION OF INNOCENCE

Respondent claim that because petitioner did not argue actual innocence petitioner Habeas Issue suffers, along with alleged non-demonstration of how he was prejudiced, from procedural default. However, the Habeas Writ purpose is not to determine a prisoner's guilt or innocence, but whether prisoner is restrained of his liberty by due process. See Ex parte Presnell, 58 OKL CR. 50, 49 p. 2d. 232.

C. CONFLICT APPARENT

The Respondent state within recommendation that petitioner had not established that petitioner's Federal Constitutional right to conflict free counsel was deprived, by expressing, that he did not show that there was a conflict of

2

interest with the counsel. (page 25, 26 of the report and recommendation). If the District Court review the trial court record's then it is shown within the readiness proceeding of San Diego County Superior Court dated April 03, 2006 that counsel, himself told the court of a conflict and counsel explained to trial court judge of the nature of relationship between himself and petitioner within the trial hearing dated June 08, 2006. Beside the fact that petitioner have a civil right to counsel of choice regardless of his socio-economic status, the conflict accrued when the counsel:

1- Accepted compensation from a conflicting public entity without disclosing to petitioner the nature of the relationship between counsel and the public entity and....

2- Actively participated in petitioner criminal proceeding's as counsel of record for petitioner contrary to petitioner's open objection to counsel's representation without obtaining petitioner written consent which is the prerequisite to the Attorney-client Relationship, Even when the attorney fee's are being paid by someone other than the client, pursuant to California Criminal Law Procedure and Practice and Ethical Rule of Professional Conduct of the State Bar.

D. Issue of Interpretation

Respondent falsely interpret that petitioner admitted that he had not taken any specific or concrete action to hire an attorney. Clearly, the petitioner explained to the court that he had people on the outside (family and friends) that were assisting him to contact a counsel to take his case. This, petitioner explained to the court during a Marsden hearing held on April 03, 2006 in Superior Court and the court had a "Mandatory duty" to grant petitioner reasonable time to send for counsel and to prepare a defense.

3

1. <u>THE PEOPLE HAVE THE RIGHT TO COUNSEL AND INCLUDED RIGHTS.</u>

The Constitutional guarantee of counsel under the Sixth Amendment has been construed to include Four Rights: The right to counsel see Powell Vs. Alabama, 287 U. S. 45; 53 S. Ct. 55, The right to effective assistance of counsel, The right to a preparation period sufficient to ensure a minimal level of quality of counsel and the right to counsel of choice, see Glasser Vs. U. S. at 315 U. S. 60, 70; 62 S. Ct. 457.

2. <u>MISINTERPRETATION OF PEOPLE'S RIGHTS</u>

The Constitutional right to counsel under United States Constitution Sixth Amendment; California Constitution Article I Sections 14-15 and due process under United States Constitution Sixth Amendment; California constitution Article I Section 15 require that a defendant be given a reasonable continuance to secure counsel of his or her choice. However, at this point State law and in particular, the Superior Court of San Diego County infringed upon petitioner's Federal Constitutional guarantee of counsel and included rights by restricting exercise of such right only to he or she who can pay money for their own attorney and Superior only recognize a "Financially able" person who is a criminal defendant as the only kind of person who is privileged to be granted a reasonable continuance giving "Reasonable time" to send for counsel.

a. <u>DEFINITION OF WILL TO CHOOSE</u>

The general meaning of consent is to voluntarily agree; compliance in or

approval of what is done or proposed by another. Voluntarily is synonymous with voluntary which mean proceeding from the will or from one's own choice or consent. Choice is the act of choosing or having an option which is the power to choose. No court can presume logically that simple money when compared to the mental capacity to exercise choice is somehow of the same substance. "Written consent" is evidence that a criminal defendant (client) has exercised that right. In petitioner case, the Court official's Application of State law violates the Ninth Amendment of the Federal Constitution because here, Petitioner has demonstrated how Superior Court use "State Right" granted under the Tenth Amendment of the U. S. Constitution to determine that the "indigent" criminal defendant don't have the right to exercise choice when it come to legal representation by basing this right upon financial ability to pay for particular attorneys. An indigent defendant may not be able to secure a counsel who do not or can not accept indigent cases but an indigent defendant can contact and secure any pro bono lawyer who do work with indigent individuals and families and indigent defendant have Federal Constitutional Right on the same term's as any other class of criminal defendant to send for such counsel of one's own choice in that sense. Further, petitioner has expressed in traverse that the language of the U. S. Constitution do not distinguish or sub-divide "the people", meaning citizen's of the United States, into rich and poor groups. The petitioner is simply a victim of the misinterpretation of Federal Constitutional Right's granted to the people as a collective who under Equal Protection of U. S. C. Fourteenth Amendment are **considered** to be of equal status under the law. This objection fit the criteria of Habeas proceedings since the purpose of Habeas is for challenging state convictions on all constitutional ground's. See Fay vs. Noia, U. S. 391; 83 S. Ct. 822.

3. <u>FACTS PERTAINING TO PETITIONERS TRIAL REPRESENTATION</u>

Respondent claim that petitioner requested court appointment of counsel on March 10, 2006 during petitioner's first court appearance and supposedly the court granted petitioner request. Despite this allegation petitioner do not recall ever making such a request. Here the respondent attempt to add credit to claim that petitioner, somehow requested court-appointed counsel initially in order to continue to presume that petitioner had no constitutional right to court appointed counsel of choice. Respondent need to somehow show that petitioner desired to have such Representation to solidify the claim against petitioner. However the "Amended", meaning altered or changed, minute order is very questionable because it is not the original document as it was typed and recorded by the court reporter (Stenographer) on the day and time of the petitioner hearing on March 10, 2006. But no matter how questionable the "changed" document may be, the fact remain that petitioner retained Federal and State Constitutional right to counsel of choice and the right to a preparation period sufficient to ensure a minimal level of quality of counsel, once the public defender's office terminated their services due to conflict of interest and upon Superior Court's hiring counsel from an agency independent of the public defender's office to represent petitioner it was the new attorneys duty just as it was the public defender's duty to obtain petitioner's written consent to representation to provide evidence that petitioner exercised consent and approved of the representation is evidence that Sixth Amendment of the Federal Constitution is preserved and respected through state procedure. Neither P. C. C. nor public defenders can produce documents of petitioners expressed Approval.

6

E. NATURE OF CLAIM STATED
---

Respondent suggest to the district court in recommendation that petitioner did not indicated to the State Court the federal nature of the claim. This is untrue because under ground one petitioner did express in State Habeas that the trial judge did not allow petitioner to be represented by an attorney of choice and would not acknowledge conflict between petitioner and court appointed counsel as so demonstrated through explanation of the matter before the trial judge and petitioner use's supporting case as follow;

1- "As a matter of Federal Constitutional law, a defendant is entitled to fully independent counsel free of conflict of interest which pose risk to quality of representation, see State Vs. Murphy Mo. App. Ed. 1994, 872 S. W. 2d. Criminal Law 641.5(5)"....

While under ground two petitioner contend that the trial judge deprived petitioner of jury trial by excluding petitioner without voluntary waiver or Constitutional Authority to do so. Respondent attempt to use petitioner's statement in his trial hearing when he stated "No, I won't be present. I am not going to be represented by this P. C. C. man" As a misconstrued expression of voluntarily waving his right to participate in a jury trial. However, the District Court must understand, Here , that petitioner is expressing to the trial court that he would not be present on condition that he is being represented by a counsel he did not consent to. When petitioner explained this scenario on state Habea's while also citing supporting case law, petitioner so alerted state court to the Federal nature of the claim. petitioner use's supporting case's under ground two as follow:

2. " C. A. 9(cal.) 1987. District Judge may not adopt procedure that impairs

defendant's right to due process or his or her other right's guaranteed by the Constitution U. S. C. A. Const. Amend. 5 U. S. Vs. Thompson, 827 f2d. 1254 and....

3. "C. A. 9(cal) 2002. The due process clause guarantees every defendant the right to a trial that comports with the basic tenets of fundamental fairness. U. S. C. A. Const. Amend. 14 , Mancuso Vs. Olivarez 292 F3d. 939.

Petitioner in fact did express to State Court on Habeas the Federal nature of the violation's  by citing sixth Amendment of the Federal Constitution under ground one and supporting case ruling's under grounds one and two.

## CONCLUSION

Let now the District Court seriously and objectively understand the substance of petitioner's argument and request for Habeas relief and find that petitioner has met the "violation of Federal right" requirement to have District Court consider rendering habeas relief under supporting case ruling such as, Carter Vs. Kentucky (1981) 450 U. S. 288, 101 S. Ct. 2227 which cite in part, "...if the error in interpretation or application of state law is so egregious as to offend Federal due process standards, Federal Habeas Relief may be available." Also, contrary to report and recommendation to deny habeas, petitioner does not show any lack of "diligence" for failure to move for an evidentiary hearing in State Court under Federal Habeas law. The ordering of evidentiary hearing's is a sua sponte duty of the State Habeas court in California, pursuant Pen. C. section 1484 and Cal. Rules of court 4.551 (f). See People Vs. Romero (1994) 8 C. 4th 728, 739; 35 CR. 2d. 270. Petitioner also ask the District Court to grant Habeas relief based upon the fact that the petitioner was **only** required to present Federal nature of claims to the **court of last resort** in the state of conviction for exhaustion requirement meaning as long as the State Supreme Court in California had the opportunity to

review claims on State Habeas and petitioner has met such requirement pursuant 28 U. S. C. section 2254(b)-(c). See also Rose Vs. Lundy (1982) 455 U. S. 509; 102 S. Ct. 1198.

Petitioner declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and this "objection to report and recommendation" was executed on : August 10, 2008 at Folsom State Prison in city of Represa, California.

Respectfully submitted

Eric Angel Thomas

Petitioner;

# PROOF OF SERVICE BY MAIL

I __Eric Thomas__, AM A RESIDENT OF FOLSOM STATE PRISON IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA. I AM OVER THE AGE OF 18 YEARS, AND I AM /AM NOT A PARTY TO THIS ACTION.
   MY PRISON NUMBER IS: __T68246__
   MY PRISON ADDRESS IS: **P.O. BOX 950, Folsom, Ca. 95763**

   ON __August 10__, 2008, I SERVED A COPY OF THE FOLLOWING DOCUMENT:

"OBJECTIONS TO REPORT AND RECOMMENDATION"

ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS IN A SEALED ENVELOPE WITH POSTAGE FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), FOLSOM, CALIFORNIA, ADDRESSED AS FOLLOWS:

United States District Court
Southern District of California
Clerk of U.S. District Court, Room 4290
880 Front Street
San Diego, CA. 92101-8900

THERE IS DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.

   I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

   EXECUTED __August 10__, 2008, AT FOLSOM, CALIFORNIA..

_____