# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Eric Angel Thomas,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>M. C. Kramer,<br><br>　　　　　　Defendant. | CASE NO. 07cv2257 IEG (BLM)<br><br>**ORDER (1) ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN PART (2) DISMISSING PETITIONER'S 18 U.S.C. § 2254 PETITION WITH PREJUDICE AND (3) DENYING CERTIFICATE OF APPEALABILITY**<br><br>[Doc. No. 1, 11] |

　　　　Presently before the Court is Eric Angel Thomas's ("Petitioner") Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his nine-year prison sentence imposed after a 2006 state conviction for selling cocaine base and possessing cocaine base for sale. (Lodgement 1, Clerk's Tr. at 31-32.) Petitioner alleges the Superior Court of the State of California for the County of San Diego violated due process and the Sixth Amendment by forcing him to accept court-appointed counsel. (Pet. 7). Respondent M.C. Warden of Folsom State Prison filed a Response, and Petitioner filed a Traverse.

　　　　The matter was referred to United States Magistrate Judge Barbara L. Major, who issued a Report and Recommendation ("Report") recommending the Court dismiss the Petition for either procedural default or on the merits. On August, 13, 2008, Petitioner filed objections to the Report. The Court has considered the Report and Petitioner's objections and (1) adopts Magistrate Judge Major's Report in part and (2) dismisses Petitioner's § 2254 petition.

## STANDARD OF REVIEW

The Court may grant Petitioner's section 2254 petition only if the state court's action was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 403, 412-13 (2000).

A state court's decision is "contrary to" clearly established federal law if the state court (1) "arrives at a conclusion opposite to that reached by this Court on a question of law" or (2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." Williams, 529 U.S. at 405.

A state court's decision is an "unreasonable application" if the application was "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003).

Finally, habeas relief is available if the state court proceedings "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in state court." 28 U.S.C. § 2254(d)(2). A state court's decision will not be overturned unless the underlying factual determinations were objectively unreasonable. See Miller-El v. Cockrell, 537 U.S. 322, 340 (2003); see also Rice v. Collins, 546 U.S. 333, 341-42 (2006) (the fact that "[r]easonable minds reviewing the record might disagree" does not render a decision objectively unreasonable). The Court presumes the state court's factual findings are correct and Petitioner may rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## BACKGROUND

**A. State Procedural Background**

On June 12, 2006, a jury convicted Petitioner of selling cocaine base and possessing cocaine base for sale. (Lodgment 1, Clerk's Tr. at 30.) The jury also found Petitioner (1) had served a prior prison term within the meaning of Cal. Penal Code § 667.5 (b) and (2) was previously convicted of a serious or violent felony within the meaning of the California Penal Code. Id. at 75-76. The court sentenced Petitioner to nine years of imprisonment. Id. at 90-91.

On April 17, 2007, the California Court of Appeal affirmed Petitioner's conviction and

1 sentence. (Lodgment 2.) The Court of Appeal found sufficient evidence to support Petitioner's
2 conviction and found the trial court properly declined to dismiss Petitioner's prior serious felony
3 conviction allegation under the three strikes law. (Lodgment 2 at 4.)

4 On June 11, 2007, Petitioner filed an original petition for writ of habeas corpus in the
5 California Supreme Court asserting two claims: (1) "ineffective assistance of counsel" and (2)
6 "violation of due process of law." (Lodgment 3.) On October 31, 2007, the California Supreme Court
7 summarily denied the petition without discussion and cited only two cases: In re Swain, 34 Cal. 2d
8 300, 304 (1949) and People v. Duvall, 9 Cal. 4th 464, 474 (1995).

9 **B. Federal Procedural Background**

10 On November 29, 2007, Petitioner, proceeding pro se, filed a Petition for Writ of Habeas
11 Corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner claims the state court deprived him
12 of effective assistance of counsel in three ways: (1) by failing to obtain Petitioner's written consent
13 to appointed representation; (2) by denying Petitioner the right to choice of counsel; and (3) by failing
14 to dismiss Petitioner's counsel for a conflict of interest.

15 Respondent filed a Response to the Petition for Writ of Habeas Corpus. (Doc. No. 8.)
16 Petitioner filed a Traverse to Petition on May 13, 2008. (Doc. No. 10.)

17 On July 25, 2008, Magistrate Judge Barbara Lynn Major issued a Report recommending the
18 Court denies the Petition. (Doc. No. 11.) The Report recommended finding Petitioner exhausted the
19 claim, but found the claim was procedurally defaulted and should also be denied on the merits. On
20 August 13, 2008, Petitioner filed his objections to the Report's recommendations for procedural
21 default and the Sixth Amendment claim. Because Petitioner did not object to the exhaustion
22 recommendation, the Court conducts a de novo review of only the recommendations regarding
23 procedural default and the Sixth Amendment right to counsel. 28 U.S.C. § 636(b)(1)(C) ("A judge
24 of the court shall make a de novo determination of those portions of the report or specified proposed
25 findings or recommendations to which objection is made.").

26 <center>**DISCUSSION**</center>
27 **A.     Procedural Default**
28 In the Report, Magistrate Judge Major found Petitioner's claims were procedurally defaulted.

1  Procedural default "normally constitutes an adequate and independent state ground precluding federal
2  court review of a habeas petitioner." Chaker v. Crogan, 428 F.3d 1215, 1220 (9th Cir. 2005).
3  Generally, the state must assert the procedural default as an affirmative defense to the petition;
4  otherwise, the defense is waived. Id. at 1220.  Although the Court can *sua sponte* dismiss the petition
5  as procedurally barred, this Circuit declines to do so when the state has not provided any
6  "extraordinary reason" for reaching the defense. Chaker, 428 F.3d at 1221; Franklin, 290 F.3d at 1233.
7  Respondent did not raise procedural default; therefore, the Court declines to raise the issue *sua sponte*
8  and rejects this portion of the Report.

### B.     Sixth Amendment Right to Counsel

The Court can independently review the record underlying the state court's decision. A federal court can review the merits of a state court decision if the decision is "contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court" or is "based on an unreasonable determination of facts." 28 U.S.C. § 2254(d). The Ninth Circuit has "relaxed AEDPA's standard when the state court reaches a decision on the merits, but provides no reasoning to support its conclusion." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002). The Court may "independently review the record," but must "still defer to the state court's ultimate decision." Id.  In this case, the California Supreme Court denied Petitioner's state habeas claim without substantive explanation. This Court independently reviews the record to evaluate the merits of Petitioner's three claims: (1) the state failed to obtain Petitioner's written consent to appointed representation; (2) the state denied Petitioner the right to choice of counsel; and (3) the state failed to dismiss Petitioner's counsel for a conflict of interest.

#### i.     Factual Underpinnings

On March 10, 2006, a judge of the Superior Court of California, County of San Diego, arraigned Petitioner and granted his request for an appointed attorney. (Lodgment 1, Clerk's Tr. at 92.) On March 22, 2006, the Public Defender declared a conflict of interest and the court appointed private conflicts counsel. Id. at 94.

On April 3, 2006, at a scheduled readiness hearing, Petitioner moved for a <u>Marsden</u> hearing,[1] requested new counsel, and asked for a continuance of the preliminary hearing. <u>Id.</u> at 95; (Pet. 10-14.) The court excluded the prosecutor and conducted an *in camera* hearing with Petitioner's trial attorney Gary Edwards, court staff, and Petitioner present. (Pet. 11). Petitioner argued Mr. Edwards had a conflict of interest because, as a court-appointed attorney, his "obligation to the court come [sic] before representing me fully as a client." <u>Id.</u> Petitioner admitted, "[i]t's nothing personal. It's just the position that he's in. He's appointed by the courts." <u>Id.</u> at 11-12. Petitioner then claimed he wanted to hire a lawyer. <u>Id.</u> When questioned, however, Petitioner admitted he had not taken steps to locate private counsel, but vaguely claimed "some people on the outside [are] looking into it for him." <u>Id.</u> The court denied the motion for new counsel, declined to continue the preliminary hearing, and informed Petitioner of his right to hire counsel before the hearing. <u>Id.</u> at 13.

On April 5, 2006, before the preliminary hearing commenced, Petitioner requested another attorney and a continuance to hire counsel. (Lodgment 5, Rep. Tr. at 1.) The court asked Petitioner, "[b]ut what efforts have been made to get a private attorney to represent you, in other words, hire an attorney?" <u>Id.</u> at 3. Petitioner responded, "[n]othing, just getting rid of my public defenders." <u>Id.</u> Based on this exchange and the April 3 hearing, the court denied Petitioner's request and proceeded with the hearing. <u>Id.</u> Petitioner vehemently objected, claiming violations of his constitutional rights. <u>Id.</u> at 4. As the court began a co-defendant's plea colloquy, Petitioner interrupted with a profanity-riddled tirade, during which he demanded to be removed from the courtroom. <u>Id.</u> at 6-7. The court ordered the deputies to gag Petitioner. <u>Id.</u>

After accepting the co-defendant's plea, the court ordered Petitioner returned to the courtroom.[2] (Lodgment 5, Rep. Tr. at 12.) The court alerted Petitioner of his right to be present during his preliminary hearing, but also explained any inappropriate conduct forfeited that right. <u>Id.</u> Petitioner responded with more profane and abusive language, requested to be removed from the

---

[1] Under <u>People v. Marsden</u>, a trial court cannot deny a motion to substitute new counsel without first giving the defendant an opportunity to state specific examples of allegedly inadequate representation. 2 Cal. 3d 118 (Cal. 1970).

[2] The record is unclear whether Petitioner was actually removed. However, the judge stated he "had brought [Petitioner] back" for a discussion about his courtroom conduct. (Lodgment 5 at 12.)

1  court, and was removed. Id. at 12-13. The court conducted the preliminary hearing in Petitioner's
2  absence and found probable cause he had committed the offenses charged. Id. at 30.

3        On June 8, 2006, Petitioner appeared before a different judge for trial. (Lodgment 6.) Before
4  the proceeding began, Petitioner renewed his request for new counsel and asked the court to refer him
5  to the indigent panel. (Lodgment 6, Rep. Appeal Tr. at 54-56.) The court excluded the prosecutor and
6  conducted an *in camera* hearing with Petitioner and his attorney. Id. at 56. Petitioner again claimed
7  Mr. Edwards's status as a court-appointed attorney created a conflict of interest and further claimed
8  Mr. Edwards had failed to adequately discuss the case with him. Id. at 57. Mr. Edwards responded,
9  detailing how Petitioner threatened him at the preliminary hearing, refused to talk to him, refused to
10 return his phone calls, and refused to meet with him. Id. at 58-59. The court clarified, with Petitioner,
11 this claimed conflict applied to any government attorney appointed to represent him, regardless of
12 agency or capacity, not an individual conflict with Mr. Edwards. Id. at 60-61. The court explained
13 the nature of a conflict of interest claim, the system for appointing defense attorneys, and its basis for
14 finding no conflict of interest. Id. at 61-65. Petitioner responded with abusive language and asked
15 to be removed from the courtroom. Id. at 65-69. The judge ordered Petitioner removed from the
16 courtroom, invited the prosecution back into the courtroom, and proceeded with the trial.

17       In an abundance of caution, the judge brought Petitioner back before the court and advised him
18 of his right to be present during his jury trial. (Lodgment 6 at 90-91.) Petitioner refused to respond,
19 except to make clear he did not wish to speak with his attorney.[3] The trial proceeded outside
20 Petitioner's presence. (Lodgments 7-8.)

21     ii.    <u>Written Consent</u>

22       Petitioner alleges the state trial court violated his rights by forcing him to accept appointed
23 counsel without first obtaining his written consent. (Pet. 6.) In support of his argument, Petitioner
24 cites the Rules of Professional Conduct of the California State Bar. Id.

25     a.    <u>Magistrate Judge's Report</u>

26       The magistrate judge noted a federal court conducting habeas review is limited to "deciding

---

28 [3] Petitioner was silent while the court reiterated Petitioner's rights, with one notable exception: "Do you want to talk to your attorney? The Record should reflect that he [Petitioner] flipped his attorney the bird suggesting that he does not want to speak to his attorney." (Lodgment 6 at 92.)

whether a conviction violated the Constitution, law or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991); 28 U.S.C. § 2254. The magistrate judge observed relief is not available for an alleged error in the application of state law. Estelle, 502 U.S. at 67-69. The magistrate judge correctly concluded this Court is precluded from considering a claim arising from an alleged violation of the California Rules of Professional Conduct. See Little v. Crawford, 449 F.3d 1075, 1082 (9th Cir. 2006) and Beaty v. Stewart, 303 F.3d 975, 986 (9th Cir. 2002).

Furthermore, the magistrate judge found, to the extent Petitioner's claim could be construed to allege a violation of the Sixth Amendment, Petitioner failed to provide legal support for his argument. The magistrate judge observed neither the Constitution nor clearly established Federal law requires a criminal defendant to agree in writing to his legal representation.

    b.    Objections

Petitioner argues the 9th Amendment to the Constitution implicitly requires written consent. (Pet. Objection to Report and Recommendation at 5, Doc. No. 12.) Petitioner further argues the lack of written consent is evidence of his lack of consent. Id.

    c.    Analysis

To the extent Petitioner relies upon the 9th Amendment to support his claim, Petitioner's claim is unexhausted. Exhaustion of available state judicial remedies is a prerequisite to federal consideration of habeas claims. 28 U.S.C. § 2254(b). Each claim must be "fairly presented" in each appropriate state court, including the state supreme court with powers of discretionary review. Baldwin v. Reese, 541 U.S. 27, 29 (2004). Petitioner did not fairly present the 9th Amendment claim to any state court; therefore, the claim is unexhausted and will not be reviewed by this Court.

Furthermore, this Court cannot review an alleged error in the application of a state rule such as the California Rules of Professional Conduct. Estelle v. McGuire, 502 U.S. 62, 67-69 (1991). Accordingly, this Court will not review this claim on the merits.

    iii.    Right to Counsel of Choice

        a.    Magistrate Judge's Report

The magistrate judge addressed the two alleged right to counsel of choice violations: (1) the state court's refusal to appoint new counsel and (2) the state court's refusal to grant a continuance to

1 | allow Petitioner to seek counsel of choice.

2 | First, the magistrate judge recognized the Sixth Amendment guarantees a criminal defendant the right to be represented by effective trial counsel. Strickland v. Washington, 466 U.S. 668 (1984); Powell v. Alabama, 287 U.S. 45 (1932). This includes a qualified right to choice of his preferred trial counsel. Caplin & Drysdale, Chartered v. United States, 491 U.S. 617, 624 (1989). However, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." United States v. Gonzalez-Lopez, 548 U.S. 140, 151 (2006).

The magistrate judge found Petitioner did not hire an attorney and did not seek to substitute in a retained attorney. The magistrate judge also found Petitioner required appointed counsel because he did not demonstrate the financial ability to retain a lawyer or identify a lawyer willing to represent him. The magistrate judge concluded Petitioner had no right to choice of appointed counsel.

Second, the magistrate judge concluded the trial court's denial of Petitioner's requested continuance did not violate the Sixth Amendment. A state court's decision to deny a continuance does not violate of the Sixth Amendment unless it is an "unreasonable and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay.'" Miller v. Blackletter, 525 F.3d 890, 897 (9th Cir. 2008) (quoting Morris, 461 U.S. at 11-12). The magistrate judge noted a trial court retains "wide latitude in balancing the right to counsel of choice against the needs of fairness, and against the demands of its calendar." Gonzalez-Lopez, 548 U.S. at 152.

The magistrate judge applied three factors set forth in Miller to evaluate the denial of a continuance under the unreasonable and arbitrary standard: (1) whether the defendant had retained new counsel, (2) whether current counsel was prepared and competent to proceed forward, and (3) the timing of defendant's request to continue. 525 F.3d at 895. Applying Miller, the magistrate judge found (1) Petitioner had not retained new counsel, (2) the existing, appointed lawyer was prepared and competent to proceed forward, and (3) the timing of defendant's request, two days before the preliminary hearing, supported finding the decision reasonable. Accordingly, the magistrate judge found the decision to deny the request was not unreasonable and arbitrary and, therefore, valid.

b.  Objections

First, Petitioner argues a person receiving appointed counsel has a right to choice of appointed

1 counsel. Second, Petitioner challenges the magistrate judge's application of the three factors set forth
2 in Miller, claiming he satisfied the first factor when he notified the state court of outside actions taken
3 on his behalf to hire an attorney. Third, Petitioner asserts he did not request appointed counsel.

        c.      <u>Analysis</u>

Petitioner's first objection is without legal merit. Recently, the Supreme Court reiterated "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." <u>United States v. Gonzalez-Lopez</u>, 548 U.S. 140, 151 (2006). Petitioner's argument fails in the face of direct, adverse Supreme Court precedent.

Petitioner's second objection is equally without merit. The magistrate judge properly applied the <u>Miller</u> three-factor test to determine the denial of continuance is not "unreasonable and arbitrary." <u>Miller v. Blacketter</u>, 525 F.3d 890, 897 (9th Cir. 2008). Petitioner never obtained private counsel or seriously attempted to contact counsel. Petitioner summarized his efforts: "Nothing, just getting rid of my public defenders." (Pet. at 12.) Petitioner's counsel was prepared and competent to proceed. Finally, Petitioner's request came two days before the preliminary hearing, supporting the conclusion the decision was reasonable. The Court finds the continuance was not unreasonable and arbitrary.

The record contradicts Petitioner's third objection. At the arraignment, the trial judge granted Petitioner's request for an appointed attorney. (Lodgment 1 at 92.) Petitioner argues he "does not remember" requesting the appointment or, alternatively, *amended* minutes cannot be evidence. (Objections at 6.) Petitioner's faulty memory and specious allegations are not clear and convincing evidence. The Court rejects Petitioner's third objection.

     iv.      <u>Alleged Conflict with Counsel</u>

        a.      <u>Magistrate Judge's Report</u>

The magistrate judge recognized the Sixth Amendment provides a defendant with the right to be represented by a conflict-free attorney. <u>See</u> <u>Holloway v. Arkansas</u>, 435 U.S. 475, 483-84 (1978). When a defendant raises a conflict issue, a judge must inquire into the details of the conflict and conduct an "appropriate inquiry" if the conflict prevents constitutionally-protected representation. <u>Schell v. Witek</u>, 218 F.3d 1017, 1025 (9th Cir. 2000).

The magistrate judge found Petitioner has not established a conflict of interest. The magistrate

judge noted Petitioner had not alleged a conflict arising from counsel's representation of another client or a conflict created by the individual lawyer. The magistrate judge found Petitioner's distrust of his counsel did not create a conflict of interest. Finally, the magistrate judge found the state court conducted an appropriate inquiry.

### b. Objections

Petitioner argues he alleged an actual conflict of interest because counsel was appointed, and paid by, the government, the very entity attempting to prosecute him. Secondarily, he argues a conflict of interest arose because his distrust of his lawyer led to a lack of communication.

### c. Analysis

Under the Sixth Amendment, Petitioner has a right to assistance by a conflict-free attorney. Wood v. Georgia, 450 U.S. 261, 271 (1981). However, an attorney's employment by the government cannot be the sole basis of a conflict of interest claim. See Paradis v. Arave, 130 F.3d 385 (9th Cir. 1997) (finding defense counsel's employment as a city park police officer did not create a conflict of interest); Garcia v. Bunnell, 33 f.3d 1193, 1199 (9th Cir. 1994) (finding mere fact of future employment as a prosecutor did not engender conflict of interest for a defense attorney). Petitioner does not allege his attorney represented conflicting interests of multiple clients. Furthermore, Petitioner admits no aspect of the individual lawyer created an actual conflict. (Pet. at 9-12). The only alleged conflict of interest was the court's employment of Mr. Edwards, a claim that cannot be the sole basis of Petitioner's conflict of interest claim.

The Petitioner's second argument is without merit. A defendant only establishes the constitutional predicate for his claim when "[he] shows that his counsel actively represented conflicting interests." Cuyler v. Sullivan, 446 U.S. 335, 348-50 (1980). The Supreme Court has recognized numerous types of conflicts, but a lack of communication caused by defendant's refusal to cooperate with his appointed lawyer is not one of them. See Plumlee v. Masto, 512 F.3d 1204, 1210 (9th Cir. 2008). Even if there is a lack of communication, there is no Sixth Amendment right to a "'meaningful relationship between an accused and his counsel." Morris v. Slappy, 461 U.S. at 13-14 (1983). Under Morris v. Slappy and Plumlee v. Masto, Petitioner failed to allege a conflict of interest based upon a failure to communicate.

1    Finally, the Court finds the state trial court conducted an appropriate inquiry and adopts the
2 magistrate judge's Report as to this point.

**B.    Certificate of Appealability**

A petitioner complaining of detention arising from state court proceedings must obtain a certificate of appealability to file an appeal of the final order in a federal habeas proceeding. 28 U.S.C. § 2253(c)(1)(A) (2007). The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing," the petitioner must "demonstrat[e] that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable[.]'" Beaty v. Stewart, 303 F.3d 975, 984 (9th Cir. 2002) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Based on the pleadings and the record, the Court finds Petitioner has not made a "substantial showing" and **DENIES** a certificate of appealability with respect to all of Petitioner's claims. See id. at 983-84.

**Conclusion**

For the foregoing reasons, the Court **ADOPTS IN PART** the Magistrate Judge's Report and Recommendations, enters judgment **DENYING** the petition, and **DENIES** a certificate of appealability.

**IT IS SO ORDERED**

DATED: September 24, 2008

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**